Joseph M. EURELL

v.

The UNITED STATES.

No. 249–76.

United States Court of Claims.

Dec. 14, 1977.

Richard P. Fox, Los Angeles, Cal., attorney of record, for plaintiff. Richard P. Fox and Max Gest, Los Angeles, Cal., of counsel.

LeRoy Southmayd, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Barbara Allen Babcock, Washington, D.C., for defendant. Lieutenant Scott K. Walker, JAGC USNR, Washington, D.C., of counsel.

Before DAVIS, KUNZIG and BENNETT, Judges.

## ON DEFENDANT'S AND PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

PER CURIAM:

This military disability retirement pay case is before the court on cross-motions for summary judgment; oral argument has been waived. On December 29, 1969, the plaintiff, after proceedings before a Medical Board and a Physical Evaluation Board, was discharged from the Marine Corps (with service of about a year) on the ground of a physical disability which existed prior to service. He was awarded neither severance pay nor retirement pay. The plaintiff has twice sought relief from the Board for Correction of Naval Records (BCNR), seeking compensable disability retirement. In response to his first application dated December 3, 1970, the BCNR corrected his records (in 1971) to show a discharge with severance pay and a physical disability rating of 10% effective December 29, 1969;[1] no relief was granted on his second application dated May 6, 1976. The plaintiff filed his petition in the instant case on June 21, 1976. He alleges that the determinations of the Medical Board and the Physical Evaluation Board were incorrect and that, above all, there were various procedural defects and improprieties in the proceedings before those boards, including, *inter alia*, that because of his civilian attorney's disloyalty plaintiff, although he desired to make a personal appearance, did not appear before the Medical Board and that he was coerced into waiving his right to appear before the Physical Evaluation Board by the same civilian attorney hired by the government to act on his behalf and a Navy Lieutenant Commander, who told him that he would be recalled to Viet Nam if he did not waive his right to appear before the Physical Evaluation Board. We grant the defendant's motion for summary judgment and deny plaintiff's motion.

First, the plaintiff's claim is barred by the statute of limitations. It has

---

1. A rating of 10% is insufficient for disability retirement pay which plaintiff sought.

**1148**

long been settled that the cause of action accrued at the time of the plaintiff's discharge from the service. *See, e. g., Bruno v. United States,* 556 F.2d 1104, 1107, 214 Ct.Cl. —— (1977). Suit must be filed within six years of the time the claim first accrues. 28 U.S.C. § 2501 (1970). The running of limitations was not tolled by the plaintiff's petitioning the BCNR since resort to permissive administrative procedures does not toll the statute. *See, e. g., Bruno, supra,* 556 F.2d at 1106, 214 Ct.Cl. at ——; *Brundage v. United States,* 504 F.2d 1382, 1385, 205 Ct.Cl. 502, 507 (1974) *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975).

■ The plaintiff asserts, however, that a continuing claim arose at the time (1971) the BCNR granted partial relief instead of complete relief, and that the instant case therefore falls under the "half-a-loaf" doctrine.[2] *DeBow v. United States,* 434 F.2d 1333, 193 Ct.Cl. 499 (1970), *cert. denied,* 404 U.S. 846, 92 S.Ct. 150, 30 L.Ed.2d 84 (1971). The defendant responds that the "half-a-loaf" doctrine is not applicable to this plaintiff, because in his 1970 petition to the BCNR he did not raise any issues about the actions of his counsel or the administrative procedures of the Medical Board and the Physical Evaluation Board prior to his discharge; all that the plaintiff requested in his 1970 petition was an increase of his disability rating. The defendant likens the present situation to several cases in which the plaintiffs sought correction of their military records while expressly disavowing

certain relief; subsequently, they brought suit in this court seeking the additional relief they had previously disavowed in the prior proceedings. This court refused to allow them to use the favorable results obtained in the prior proceedings (in the course of which they disavowed particular relief) as a springboard for avoiding the bar of the statute of limitations on the very claims they had previously rejected. *Denton v. United States,* 204 Ct.Cl. 188, 198 (1974), *cert. denied,* 421 U.S. 963, 95 S.Ct. 1949, 44 L.Ed.2d 449 (1975); *DeBow v. United States, supra,* 434 F.2d at 1335, 193 Ct.Cl. at 503–04; *accord, Homcy v. United States,* 536 F.2d 360, 364–65, 210 Ct.Cl. 332, 337–39, *cert. denied,* 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976).

■ Although we agree that the plaintiff may not avail himself of the "half-a-loaf" doctrine, it cannot be fairly said that he expressly renounced any ground of relief in prior petitions to the BCNR. In his 1970 application he wanted to be "rated or retired" because his prior diagnosis by the Navy was incorrect; in his second petition he asked to be placed on the temporary disability retired list or "permanently retired" or alternatively to be granted an appearance before the Physical Evaluation Board, which had been "unjustly" denied him. Although the plaintiff has presented new issues in regard to being afforded his right to appear before a Physical Evaluation Board, they would appear to be raised as a means towards obtaining disability retirement pay, which was requested in his

---

2. The plaintiff also argues that his claim to a full and fair hearing under 10 U.S.C. § 1214 (1970) on his disability separation is a statutory right dependent on his military record and the law, and independent of the action of any board or agency, and is therefore a continuing claim under the principle of *Bruno, supra,* 556 F.2d at 1106, 214 Ct.Cl. at ——, and *Gordon v. United States,* 140 F.Supp. 263, 265, 134 Ct.Cl. 840, 844 (1956). However, as *Gordon, supra,* makes clear, the claim in that case was a statutory right to periodic payments, and a new claim accrued each pay period. 10 U.S.C. § 1214 (1970) does not of itself create a statutory right to periodic payments which would fall within the "continuing claim" doctrine. The reliance on § 1214 goes only to plaintiff's claim

that he should have been granted disability retirement pay, a claim which we have many times held accrues all at once upon denial by a Physical Evaluation Board. *See Friedman v. United States,* 310 F.2d 381, 396, 159 Ct.Cl. 1, 25 (1962), *cert. denied sub nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Therefore, the plaintiff's insistence on a full and fair hearing under 10 U.S.C. § 1214 (1970) is part and parcel of a claim barred under the statute of limitations, and there is no need in this case to reach the question whether this court has jurisdiction under *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), over a claim founded on § 1214.

initial application to the BCNR. However, a continuing claim does not necessarily arise merely because the BCNR denied the plaintiff all the relief he may have desired in his original petition.[3]

As *Homcy, supra,* 536 F.2d at 364, 210 Ct.Cl. at 337–38, points out, the "half-a-loaf" doctrine normally applies to those cases in which the administrative body decides that the claimant should prevail on a certain claim and that relief is appropriate, but it arbitrarily awards less than the full appropriate relief (when requested by the plaintiff) for the claim it recognizes. Once an administrative body has made a decision that relief is proper, then it has a duty to grant "thorough and fitting relief." *Sanders v. United States,* 207 Ct.Cl. 962, 963 (1975); *Homcy, supra.* In some instances, the award of the appropriate monetary relief may become mandatory. *See Ray v. United States,* 453 F.2d 754, 197 Ct.Cl. 1 (1972) (plaintiff entitled to return of withholding payments on his retirement pay after his records were corrected to show retirement for disability instead of longevity). At that point, a plaintiff may have a claim that is no longer dependent upon administrative determination, and, if it is a claim to periodic payments, it may fall within the "continuing claim" doctrine. *See Barnes v. United States,* 163 Ct.Cl. 321, 328 (1963). This court explained the doctrine in *Denton, supra,* 204 Ct.Cl. at 195–96, as follows:

> We held in *DeBow* that a major reason for allowing a cause of action to be based on an initial favorable administrative determination, that would otherwise be barred by limitations, is that once an administrative body decides relief is proper on the claim and presentation then made, it should not be free to illegally or arbitrarily award less relief than that requested by the claimant in that proceeding. In the context of the correction of a military record, this means that once a discretionary decision is made to correct a record, the grant of appropriate money

relief is not discretionary but automatic. *Ray v. United States,* 197 Ct.Cl. 1, 453 F.2d 754 (1972). If appropriate payment is not then made, a cause of action accrues in this court at that time. *Ray, supra.* In this case, however, the appropriate payment has been made and plaintiff seeks only a new discretionary correction of his record. In these circumstances, the 1966 record correction is a nullity so far as concerns the accrual of a cause of action and whatever cause plaintiff has accrued in 1964 or earlier, and is now time barred.

■ Although the plaintiff in the instant case has not renounced any right to disability retirement pay, the BCNR did grant the appropriate monetary relief, severance pay, for the correction it made in the plaintiff's records, *i. e.,* a 10% disability rating. 10 U.S.C. § 1203 (1970). Since the appropriate payment was evidently made at that time, it can be said that no other claim, continuing or otherwise, may be made under the "half-loaf" theory on the basis of the action the BCNR took in 1971; the plaintiff received, not a "half-loaf," but a "full loaf" for the correction then made. Moreover, even if the "half-loaf" principle is viewed somewhat more broadly, it would not be proper to use the 1971 BCNR determination to extend the limitations period so that the court may now consider factual issues which the claimant did not suggest in any form to the Correction Board in 1970–71. Our opinions discussing the prolongation of the limitations span as a result of a board decision have stressed the duty of the administrative tribunal, if it grants some relief, to award all the relief required by the presentation then made. *See Homcy, supra,* 536 F.2d at 364, 210 Ct.Cl. at 338; *Denton, supra,* 204 Ct.Cl. at 195, 198; *De-Bow, supra,* 434 F.2d at 1335, 193 Ct.Cl. at 503. Here, plaintiff did not tell the 1971 BCNR about the procedural deficiencies he now asserts, and that board could not have been expected to consider them or to award

---

3. As we have pointed out, the plaintiff was in fact granted a 10% disability rating with severance pay.

relief on those grounds. It follows that that board cannot be said to have acted "illegally or arbitrarily" (*Denton, supra,* 204 Ct.Cl. at 195) when it failed to take account of the alleged defects plaintiff now puts forward, and there is no reason to extend or prolong the limitations period to cover the current allegations.[4]

██ Alternatively, we hold that, even if the limitations bar has not fallen, plaintiff is barred by laches, which is applicable to military pay and disability retirement pay cases. *Devine v. United States,* 208 Ct.Cl. 998, 999 (1975); *Sharp v. United States,* 207 Ct.Cl. 975, 976 (1975); *Brundage v. United States, supra,* 504 F.2d at 1385, 205 Ct.Cl. at 507. This court is reluctant to apply the doctrine when a plaintiff has diligently pursued permissive administrative remedies such as the BCNR. *Steuer v. United States,* 207 Ct.Cl. 282, 295 (1975); *Cason v. United States,* 471 F.2d 1225, 1229–30, 200 Ct.Cl. 424, 432 (1973). However, over four years elapsed between the date of the first decision of the BCNR, October 7, 1971, and the plaintiff's second application there, May 6, 1976, while over six years passed from the time of plaintiff's discharge in 1969 until the filing of the petition in this case in June 1976. There were almost five years between the first BCNR decision—when the claim first accrued according to plaintiff's argument—and the filing of suit in this court. A record of that type does not present any compelling reason against the application of the laches doctrine.

██ The mere passage of time alone is ordinarily not adequate to sustain the bar of laches; prejudice to the defendant must be shown, but the greater the lapse of time, the less need there is to show specific prejudice. *Devine, supra,* 208 Ct.Cl. at 1001; *Brundage, supra,* 504 F.2d at 1386, 205 Ct.Cl. at 509. The defendant not only contends that the recollections of the doctors and civilian attorneys associated with the plaintiff's 1969 discharge would undoubtedly have faded, but it has also submitted an affidavit that it has been unable to locate the two attorneys, notwithstanding inquiries to the New York State Bar Association and a search of New York City telephone directories, the Martindale-Hubbell Law Directory for New York State, and the computer records of the Information Systems Development and Support Branch, Office of Civilian Personnel, Department of the Navy. In addition, the United States Naval Hospital, St. Albans, New York, at which the plaintiff was a patient, no longer exists, and the defendant has no list of employees associated with that hospital in a legal capacity. In plaintiff's presentation to us these attorneys played a significant role in depriving him of his procedural rights. It is unfair in such circumstances to expect the Government to be able to defend against plaintiff's charges of improper conduct on the part of the Medical Board, the Physical Evaluation Board, and the attorneys appointed to represent him. *See Brundage, supra,* 504 F.2d at 1387–88, 205 Ct.Cl. at 510–12. The combination of this specific prejudice plus the long delay in filing suit is enough to invoke laches here.[5]

---

**4.** There is likewise nothing to show that the 1971 BCNR acted arbitrarily or illegally on the presentation then made, when it decided that the degree of plaintiff's disability attributable to his military service did not exceed 10%.

**5.** The plaintiff also asserts that the letter from the BCNR to the plaintiff denying him any relief under his 1976 application failed to meet the requirements of *Craft v. United States,* 544 F.2d 468, 210 Ct.Cl. 170 (1976), which the plaintiff cites as standing for the proposition that an administrative board, in considering a medical claim, must present reasons for its decision rather than deny the applications in conclusory terms. However, *Craft, supra,* dealt with a Physical Review Council which

overturned a Physical Evaluation Board's determination that the plaintiff was fit for duty. The applicable regulations allowed such a reversal only under specified conditions and required a summary of the reasons for the action. In that situation, the failure of the Council to specify its reasons for overturning the determination of the Physical Evaluation Board compelled the court to search the record, and it was unable to find any basis specified under the regulations for sustaining the Council's reversal of the Physical Evaluation Board. In the instant case, the BCNR merely affirmed its prior decision in 1971, which was based on a recommendation of the Bureau of Medicine and Surgery. 32 C.F.R. § 723.3(e)(3) (1976) does not require any written findings or decision

The defendant's motion for summary judgment is granted, plaintiff's motion for summary judgment is denied, and plaintiff's petition is dismissed.

when an application is denied by the BCNR without a hearing, and no hearing appears to have been held in 1976. Moreover, even if it were to be assumed that the BCNR acted arbitrarily in denying the plaintiff any relief under his second application, this would not give rise to a cause of action in his favor for disability retirement pay if, as we have held, that claim is barred by limitations and laches. *See Friedman v. United States, supra*, 310 F.2d at 394, 159 Ct.Cl. at 21 (1962), *supra*. The action of the 1976 board would not create a "new" claim.