"Plaintiff, then a private, was discharged from the Air Force for unfitness in February 1948, with an undesirable discharge, after proceedings before two Boards of Officers. Claiming that those Boards acted arbitrarily and without proper procedures in characterizing his discharge as undesirable, plaintiff brought a suit in the District Court for the District of Columbia which appears to have *1069 been decided adversely to him on the merits. Jackson v. Secretary of U.S. Air Force, D.D.C. Civil Action No. 83-71, order of April 30, 1971.[1] Plaintiffs applications for relief were also denied by the Air Force Board for Correction of Military Records in December 1957 and by the Air Force Discharge Review Board in September 1961. Finally, after another application, in 1977 the Air Force Discharge Review Board, acting 'under current policy and clemency’, upgraded his discharge to honorable while at the same time confirming the propriety of the type of discharge awarded him in 1948.
"Asserting that the Discharge Review Board was required to set aside the 1948 discharge, plaintiff, without specifying the sums owing, sues here for monetary relief which would be due him if his 1948 undesirable discharge were overturned. Defendant has moved for summary judgment on the grounds of limitations, laches, and res judicata/collateral estoppel. We consider each of these defenses to be dispositive against plaintiff.
"In attacking the refusal of the Discharge Review Board to overturn the 1948 proceedings and discharge,[2] plaintiff raises for the third time in a federal court the very same challenges to his 1948 discharge. At least in the 1971 District of Columbia action referred to supra, the court rejected those challenges on their merits. By settled law this bars the current attack under the doctrine of former adjudication since there is no adequate reason for us to reconsider the District Court’s decision. Nothing in the Discharge Review Board’s recent action casts any doubt on that ruling.
*1070 "On limitations, the plaintiff recognizes that the six-year statute (28 U.S.C. § 2501) would normally have long since run on a 1948 discharge (see, e.g., Eurell v. United States, ante at 273, 566 F.2d 1146 (1977), but contends that the 'half-a-loaf doctrine announced, for example, in DeBow v. United States, 193 Ct. Cl. 499, 434 F.2d 1333 (1970), cert. denied, 404 U.S. 846 (1971), permits him to found a claim on the allegedly incorrect aspect of the Review Board’s favorable determination in 1977. But it is quite clear that the 1977 Board’s upgrading of plaintiffs discharge was granted as a matter of 'current policy and clemency,’ and that its explicit confirmation of the correctness of the 1948 discharge as of 1948 was separate and not at all connected with that upgrading. The 'half-a-loaf doctrine applies only where the unfavorable aspects of the administrative decision cannot properly be separated from the favorable ones; the objective is to prevent the board from stopping short of giving the full relief (if requested by the claimant) the law demands for the determination the board itself makes. See Eurell v. United States, supra. Here, the upgrading as a matter of 'current [1977] policy and clemency’ would not call for any consideration of the character of the discharge given in 1948. A grant of clemency in 1977 is quite distinct from a determination of the legal merits of the 1948 discharge. These were two independent matters which the Discharge Review Board happened to include in one action; if two separate determinations had been made, plaintiff would clearly have had no right to judicial review, at this late date, of the refusal to overturn the type of discharge given in 1948.[3]
"For the same reasons the defense of laches is also valid. Twenty-nine years have passed since his discharge, and it would be most difficult for the Government to defend discharge proceedings which took place in 1948. That is prejudice enough. See Eurell v. United States, supra.
*1071 "it is therefore ordered and concluded that defendant’s motion for summary judgment is granted and the petition is dismissed.”

 An earlier suit in the Southern District of Texas, raising the same issues, seems to have been dismissed on jurisdictional grounds. Jackson v. United States, S.D. Tex., Civil Action No. 10186, order of Nov. 26, 1956. A later suit on the same claim in the same federal court was dismissed on the ground of res judicata and the bar of limitations. Jackson v. Secretary of the Air Force, S.D. Tex., Civil Action No. 75-H-1564, order of Sept. 9, 1976.

 In 1977 the Discharge Review Board declared (inter alia):
’The Board finds on the evidence of record that the administrative discharge board and process were equitable and proper at that time. Based on the totality of the record the Board finds that applicant [plaintiff] was not a suitable candidate for rehabilitation.’
The Board also found that the plaintiffs discharge was ’equitable and proper.’

 Plaintiff attacks as unwarranted the reasons the Board gave for upgrading his discharge in 1977 but obviously he has no standing to upset that favorable administrative determination. Nor does this attack create a link, as plaintiff obviously hopes to persuade us, with the unfavorable administrative decision to confirm the 1948 discharge when given.