*482 "This is a suit by a former Army Captain for military disability retirement pay; it comes before us on both parties’ motions for summary judgment. Oral argument has been had.
"Plaintiff was commissioned a reserve second lieutenant in June 1964; shortly thereafter he obtained a delay in his call to active duty in order to attend law school. He was finally called to active duty in September 1967; prior thereto he had a physical examination, in April 1967, and was found qualified for active duty. In the Fall of 1968 and again in 1969 he appeared before Medical Evaluation Boards each of which found some physical defects. In February 1970 a Physical Evaluation Board found him permanently unfit for service but with a substantial percentage attributable to defects existing prior to his entry into active service. He was honorably discharged in April 1970 with entitlement to severance pay but without entitlement to disability retirement pay (because his disability was rated at less than 30%). The Physical Review Council concurred in the action of the Physical Evaluation Board, as later did the Army Physical Disability Agency.
"Plaintiffs application (in March 1973) to the Correction Board was rejected without a hearing in October 1973. He filed suit here on March 30, 1976.
"There is one legal issue which can be decided without any consideration of factual matters. Plaintiff urges that the only lawful date for evaluation of health factors existing prior to service (EPTS) was June 1964 (when he was commissioned) and that the three-year period while he was studying law was 'inactive duty for training’; defendant, on the other hand, contends that that period was at most plain-and-simple inactive duty, and that the cut-off date for any EPTS factor was 1967 when he entered into active duty. We agree with defendant that the correct reading of the statute and regulations is that plaintiffs three-year span (during which he did nothing militarily except answer military letters which happened to be sent to him) was 'inactive duty,’ not 'inactive duty for training.’ This seems to us the only reasonable interpretation of the controlling legislation and regulations, as applied to plaintiffs circumstances. See 37 U.S.C. § 206; AR 601-25, 135-90, 140-10, 310-25, 601-25.[1] Accordingly, we hold that *483 plaintiffs entrance into active duty in 1967 is the appropriate point for determining any EPTS factor.[2]
"Plaintiff next urges that (a) the Physical Evaluation Board and Correction Board erred in failing to rate his heart condition (he claims a 30% rating for that problem); (b) both boards erred in the percentage of disability (40%) assigned to his rheumatoid spondylitis (he claims a rating of 60%); and (c) assuming (contrary to his position) that entry on active duty is the appropriate point at which to determine an EPTS factor, both boards nevertheless erred in law and on the facts in deciding that there was a 20% EPTS for rheumatoid spondylitis (leaving a net rating of 20% for that defect) (plaintiff claims no deduction at all for an EPTS factor).
"We have reviewed the administrative record, which is before us, and the parties’ arguments (written and oral) on the points outlined in the preceding paragraph. Our conclusion is that we cannot decide any of those issues without a further inquiry into the facts; the legal issues embodied in those points are all entwined with factual questions which call for resolution by trial. In our view, none of those issues can properly be decided on the present administrative record without more.
"The difficulty with now according plaintiff a trial is the defense of laches;[3] plaintiff began this suit almost six years (5 years, 11 months, 27 days) after his claim accrued at the time he was discharged on April 2, 1970, without entitlement to disability retirement pay.[4] Laches has been held applicable in proper instances to disability retirement cases like this. Devine v. United States, 208 Ct. Cl. 998 (1975); Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977); McGahey v. United States, 213 Ct.Cl. 717 (1977); Pratt v. United States, 215 Ct.Cl. 987 (1977). That defense is especially applicable to such cases where a trial must be had and a long period has elapsed since the events *484 occurred. Witnesses’ memories as to the claimant’s case will undoubtedly have dimmed and may not be able to be refreshed by the contemporaneous written records; some witnesses may no longer be available; for all medical witnesses it will be hard, if possible at all, to reconstruct the claimant’s medical condition of six or more years ago. See the decisions cited immediately supra. In that type of case the longer the delay the more certain the prejudice to defendant. Brundage v. United States, 205 Ct. Cl. 502, 505-06, 509-10, 510-11, 504 F.2d 1382, 1384, 1386-87, 1387 (1974), cert. denied, 421 U.S. 998 (1975). Plaintiff is a lawyer and we see no justification for the long delay (even for the delay since the Correction Board denied his application). He says that the Army failed to make certain records available to him but so far as we can tell he was not prevented from filing suit by the non-receipt of those particular documents. We reject expressly — as we have previously done by implicit holding — plaintiffs argument that we have no authority to apply laches to cases brought (no matter how barely) within the statute of limitations.
"The result is that plaintiff cannot prevail or be permitted to go further. On the existing administrative record he is not entitled to recover, and he cannot have a trial to prove his claim because laches applies to forestall a trial.
"it is therefore ordered and concluded that plaintiffs motion for summary judgment is denied and the defendant’s motion for summary judgment is granted on the grounds stated supra. The petition is dismissed.”
Plaintiffs motion for rehearing en banc was denied June 23, 1978. On September 21, 1978 plaintiff filed a petition for a writ of certiorari.

 Plaintiffs motion to strike the affidavit of James F. Monahan is denied.

 As implied infra, this holding could conceivably make a significant difference because plaintiffs physical condition may well not have been fully the same when he entered on active duty in 1967 as it was in 1964.

 At the oral argument, plaintiff waived a trial but we would be reluctant to hold him to that waiver if we thought that laches was not applicable.

 Plaintiffs claim does not fall within the "continuing claim” principle since he was never determined by any board or authority to be entitled to disability retirement pay, nor, as we have said, is it clear on the present record that he was so entitled as a matter of law.