This case comes before the court on defendant’s motion to dismiss. Plaintiff filed no response.
In a less than cogent pro se petition, plaintiff apparently seeks retroactive reclassification to a higher grade, revision of his official files, and back pay. No administrative review was ever sought and plaintiff filed suit in this court on December 12, 1978.
Defendant moved for a more definite statement and Trial Judge Merow granted the motion on May 12, 1979. In response, plaintiff sent a letter describing his claims to defendant and clarifying that the dates of his employment from which his claim arises are late 1940 to 1955.
Since plaintiffs claims are 23 to 38 years old, defendant argues that the six year statute of limitations in 28 U.S.C. § 2501 bars plaintiffs claims.
*947 We agree.
The relevant statute of limitations in 28 U.S.C. § 2501 (1976) provides:
Every claim on which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
If plaintiff had any claims, they accrued by 1955 at the latest. 1978 is far beyond the six-year period. Consequently, plaintiffs claim is barred. Brownfield v. United States, 218 Ct. Cl. 477, 589 F. 2d 1035 (1978); Braude v. United States, 218 Ct. Cl. 270, 585 F. 2d 1049 (1978); Eurell v. United States, 215 Ct. Cl. 273, 566 F. 2d 1146 (1977).
Accordingly, upon consideration of the parties’ submissions, but without oral argument, the defendant’s motion to dismiss is granted and the petition is dismissed.