Military pay; promotions; nonselection for promotion; selection boards without reserve members; single relook boards; correction boards; back pay; retired pay. — On February 15, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This military pay claim is submitted on motions for summary judgment filed by the parties who have favored us with eight briefs in the matter, supported by substantial documentation. Plaintiff entered active duty with the Army on May 18, 1943. He is a veteran of World War II and of the Korean and Vietnam conflicts and holds the Bronze Star, the Combat Infantry Badge, and other medals and commendations for his service. Plaintiff (SS 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) was released from active duty as a major in the United States Army Reserve on December 11, 1969, at 45 *637years of age, after the completion of 17 years 11 months and some days of active duty. At the outset, we note the parties cannot agree on the exact amount of time that plaintiff was on active duty. Plaintiffs official statement of active Army service provided by the Adjutant General shows 17 years 11 months 13 days of active duty. Plaintiffs official release from active duty shows 17 years 11 months 27 days of total active service. We conclude that defendant should be held to the figure which it has, in its briefs, insisted is correct — 17 years 11 months 13 days. The Army has denied plaintiff any credit toward his active service for 25 days of "bad time” lost in 1944 due to a court-martial sentence of confinement for sleeping on duty as a sentinel when plaintiff was in an enlisted status. He was given 6 months confinement and $29 fine each month for 6 months. Seventy-five days of hard labor was remitted. The court-martial conviction was waived so he could go to OCS. Plaintiff was notified on February 28, 1969, that he had completed 20 years of active and inactive service for retired pay entitlement at age 60, pursuant to 10 U.S.C. §§ 1331, 1332 (1976).
Plaintiffs release on December 11, 1969, was mandated as the result of two passovers for temporary promotion to the rank of lieutenant colonel. Plaintiff was notified of the passovers by letters dated September 26, 1968, and September 4, 1969. The second notice told plaintiff that AR 635-100, ¶ 3-65a(1), required the release from active duty of Reserve officers who had twice failed of selection for temporary promotion and that his release was required 90 days after he received the notification. On September 12, 1969, plaintiff acknowledged notification. The threshold problem here arises because neither of the selection boards which considered and eliminated plaintiff from promotion contained any Reserve officers in its membership. Defendant’s answer to the petition and briefs admits the boards were thus illegally constituted. The statute and regulations required Reserve membership on such boards. 10 U.S.C. § 266(a); Department of Defense Instruction 1205.4 (June 23, 1959); AR 624-100, ¶ 16b(5). Under these circumstances, plaintiff says that since he was not lawfully separated from the service he is entitled to back pay and allowances until lawfully separated upon achieving 20 years of active *638service which would make him eligible for retired pay as a major at that time. 10 U.S.C. §§ 1163(d), 3911, 3926, 3991 (1976). After retirement at 20 years plaintiff claims retired pay until date of judgment and correction of his records to show constructive active duty service and retired pay eligibility, subject to appropriate offsets.
Plaintiff has made various unsuccessful attempts to secure administrative relief. On December 1, 1972, he applied to the Army Board for the Correction of Military Records (ABCMR). This board denied his application on July 18, 1973. Plaintiff filed the’original petition in the present suit on July 18, 1975, some 5 years 7 months after his release from active duty. Defendant has argued that plaintiff is not entitled to any recovery both on the merits and because of laches. Proceedings before the court were suspended on plaintiffs motion on April 23, 1976, prior to any decision on the motions for summary judgment.
Plaintiff submitted a new application to the Correction Board on May 10, 1976. On January 28, 1976, the Secretary of the Army had ordered, upon the recommendation of the Correction Board, that reconstituted selection boards for 1974 and 1975 be convened because of the improper exclusion of Reserve officers from the original selection boards for those years. The Secretary had also directed that, upon application to the Correction Board, the cases of other officers, who were not specifically addressed by his order but who believed themselves to be entitled to similar relief, should also be considered upon their merits. As a result of plaintiffs second application to the Correction Board, plaintiff was reconsidered for temporary promotion to lieutenant colonel by one standby advisory promotion selection board containing some Reserve officers, but plaintiff was not selected for promotion. The Correction Board then decided on April 20, 1977, that plaintiff would not have been selected for promotion by the 1968 and 1969 boards had they been properly constituted, and thus plaintiffs release on December 11, 1969, was neither erroneous nor unjust. Plaintiffs motion to revive proceedings before this court was allowed on February 10, 1977, and new briefs were filed on issues relating to plaintiffs second application to the Correction Board.
In Doyle v. United States and Adams v. United States (decided in the same opinion), 220 Ct. Cl. 285, 599 F. 2d *639984 (1979), we considered the cases of several Reserve officers who were not selected for promotion by reconstituted selection boards for 1974 and 1975. For the reasons and upon the authorities given there, and reaffirmed here, we held those plaintiffs were entitled to have their records corrected to show that they constructively served after they were illegally separated and until their new release dates following action of the relook boards. Doyle v. United States and Adams v. United States, 220 Ct. Cl. 326, 609 F. 2d 990 (1979). It was also held that such officers as would have completed 18 or more years of active service by their release dates were entitled to have their records corrected to show constructive service in accordance with AR 635-100, ¶ 3-65d, and back pay for the periods of constructive service, and retired pay where provided by law. The failure of the Correction Board to provide such relief was determined to be arbitrary, capricious, and without support of substantial evidence. In the present case, it is clear that plaintiff was never properly considered and nonselected by two selection boards legally constituted with some Reserve members and the Correction Board repeated its error in his case. Cf. Davis v. United States, post at 641. Plaintiff is thus entitled to judgment for back pay following his invalid release on December 11, 1969, unless barred by defendant’s affirmative defense of laches.
We have concluded that we are not prevented from reaching the merits of this case because of the doctrine of laches. Delay for which plaintiff is responsible in pressing suit is for 5 years 7 months after his release, normally sufficient for laches. Plaintiff waited 3 years from his release to assert a permissive remedy for correction board relief. When it was denied 7 months later, he waited 2 more years to sue. Plaintiff has sued for a little over 2 years of back pay for active duty, and the bulk of his claim is for retirement pay. Even if plaintiff had acted more quickly, it is most doubtful that any decision would have been reached on restoring him to active duty prior to his completion of 18 years of actual and constructive active duty, which would have insured his eligibility for retirement upon completion of 20 years of service. 10 U.S.C. § 1163(d) (1976). The Correction Board took 7 months to pass on his 1972 application as noted before, and he needed only *64017 days to complete 18 years. The hurry to get plaintiff out of the service can best be explained by the fact the Army had plaintiff classified as an acute, chronic alcoholic at this time, with possible suicidal tendencies, and he had some weak efficiency reports. Thus, unlike the situation in Brundage v. United States, 205 Ct. Cl. 502, 510, 504 F. 2d 1382, 1386-87 (1974), cert. denied, 421 U.S. 998 (1975), defendant has not been prejudiced by having to pay two salaries (plaintiffs and his replacement’s) over a long period of time when it has received the services of only one person. The doctrine of laches has been applied to claims for retirement pay where there was prejudice to defendant due to the fading memories of witnesses, O’Callaghan v. United States, 216 Ct. Cl. 481 (1978), cert. denied, 439 U.S. 1068 (1979); McGahey v. United States, 213 Ct. Cl. 717 (1977); Eurell v. United States, 215 Ct. Cl. 273, 566 F. 2d 1146 (1977); Devine v. United States, 208 Ct. Cl. 998 (1975), or due to the destruction of records necessary to consider the merits of the claim, Weber v. United States, 213 Ct. Cl. 720 (1977). The instant case does not fall within the foregoing categories of prejudice, and we can find no other prejudice to the defendant on the facts of this case.
Plaintiff admits to receiving $15,000 in readjustment pay upon his release from active duty. He then says he earned approximately $2,200 in annual active-duty-for-training pay and allowances and drill pay. He also earned approximately $1,600 in civilian pay. Plaintiff admits the Army is entitled to set off these amounts against his claim for 2 years active duty pay and allowances, the result of which is that, as a practical matter, plaintiff Moody’s claim for back pay is substantially reduced by the amounts he received from these sources. Therefore, plaintiff is not barred from recovery because of laches. We do not find it necessary to reach other issues raised by the parties.
it is therefore ordered, upon the authority of the cases cited and upon consideration of the motions and briefs, without oral argument, that plaintiff is entitled to and is granted judgment for constructive active duty back pay and allowances from the date of his illegal separation on December 11, 1969, until he completed 20 years of service as a major on constructive active duty, at which time he is also eligible for retired back pay to date of judgment, and *641to be continued on the retired rolls thereafter. Plaintiffs recovery is subject to all offsets permitted by law for military benefits received and civilian earnings. Plaintiffs motion for summary judgment is granted in conformity with this opinion and judgment. Defendant’s cross-motion for summary judgment is denied. The case is remanded, pursuant to Rule 131(c), to the trial division for determination of the amount of recovery. The Secretary of the Army is directed to correct plaintiffs records and to implement the relief set forth above and made a part of this judgment.