The plaintiff in this military pay suit seeks pay accruing from his period of service with the United States Army from October 10, 1958 to January 15, 1959, and an order directing the Army to change his discharge, rendered on January 15,1959, from general under honorable conditions to honorable. The government has moved to dismiss the suit on the ground, inter alia, that it is barred by the 6-year statute of limitations in 28 U.S.C. § 2501.
On January 15, 1959, the plaintiff received an undesirable discharge from the Army for concealing in his enlistment that he had previously served with and been given an undesirable discharge from the Air Force. He alleges in his petition in this action that as a result of his undesirable discharge for fraudulent enlistment he was never paid for his service.
The plaintiff made several efforts to upgrade his discharge from the Army. Although his earlier applications were unsuccessful, on June 22, 1977, the Army Board for Correction of Military Records upgraded his discharge from the Army from undesirable to general under honorable conditions. The Board did not, however, set aside the discharge or hold that it had been improper.
The plaintiff filed suit in this court on February 15,1980, contending that he is entitled to receive pay for his period with the Army. It is unclear from his petition whether he is challenging the legality of his discharge in 1959 and the accompanying forfeiture of his pay, or whether he is claiming that upon upgrading his discharge the Army was or became obligated to pay him for the service he rendered in 1958-59. In either event, the statute of limitations bars his claim.
*523 If the plaintiffs claim is that he was improperly given an undesirable discharge for fraudulent enlistment or that the Army unlawfully withheld his pay in consequence, his claim accrued upon his removal from military service on January 15,1959. An action for illegal discharge accrues on the date of discharge. Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977). Likewise, if the Army erred in withholding the plaintiffs pay for his period of service, the plaintiff was entitled to recover his pay at the time he was discharged and, hence, his claim for unlawful forfeiture also accrued on January 15,1959.
Nor did the plaintiffs attempts to overturn his undesirable discharge by requesting the Army to upgrade it toll the statute of limitations, since he was pursuing optional and not mandatory administrative remedies. Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974).
Since the plaintiff filed his petition more than 21 years after his claim accrued, his petition is untimely under 28 U.S.C. § 2501, which provides that "[e]very claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”
We reach the same conclusion if the plaintiffs contention is that in upgrading his discharge the Army Board recognized that he was entitled to relief, but arbitrarily awarded him less than the full relief appropriate, which he requested,[1] for the claim it recognized. The plaintiff could then rely on the "half-a-loaf’ doctrine announced, for example, in DeBow v. United States, 193 Ct. Cl. 499, 434 F.2d 1333 (1970), cert. denied, 404 U.S. 846 (1971), which would permit him to base a timely claim based on the allegedly incorrect aspect of the Army Board’s otherwise favorable determination in 1977.
In its decision, however, the Board did not question the validity of the undesirable discharge or the underlying fact of the plaintiffs fraudulent enlistment, but instead conclud *524 ed that the discharge "was issued in compliance with appropriate regulations and policy applicable at the time.” It upgraded the plaintiffs discharge only because of mitigating circumstances. "A grant of clemency in 1977 is quite distinct from a determination of the legal merits of the . . . discharge” given in 1959 or a reconsideration of the finding of fraudulent enlistment. "These were two independent matters which the . . . Board happened to include in one action; if two separate determinations had been made, plaintiff would clearly have had no right to judicial review, at this late date, of the refusal to overturn the type of discharge given” in 1959. Jackson v. United States, 215 Ct. Cl. 1068, 1070 (1978).
Accordingly, the government’s motion for summary judgment is granted, and the petition is dismissed.

 The government’s brief argues that "plaintiff did not request monetary relief’ before the Army Board. Government’s Brief at 17 n. 4. To the contrary, in his application filed on July 12,1977 with the Board, the plaintiff specifically requested "authorization for pay and allowances not received.”