This military pay case is before the court on cross-motions for summary judgment. It has been argued orally *709 and the court has also considered the written submissions. We hold for the Government.
In May 1972 plaintiff was released as a first lieutenant from active duty in the Army. He had previously been injured in a jeep accident in Vietnam, and then while on convalescent leave in the United States was re-injured in a motorcycle accident. In 1971-1972 two Medical Evaluation Boards found him fit for further military service. Plaintiff, urging that he was physically disabled, demanded consideration of his case by a Physical Evaluation Board, but this was not allowed. Plaintiff was then released from active duty on May 8,1972, not by reason of physical disability, on completion of his active duty tour, and was transferred to a reserve standby control group for the remainder of his ready reserve obligation. Thereafter he did not participate in active duty for training or any active duty of more than 30 days.[1]
After fulfillment of his ready reserve obligation, plaintiff was transferred on December 31, 1974, to the inactive reserves. In July 1979 he was notified that he would be discharged as not physically qualified for retention unless he elected transfer to the retired reserves. The basis of this decision was the presence of migraine headaches at that time. This transfer to the retired reserves was effected in August 1979 for failure of plaintiff to meet medical retention standards.[2]
In April 1979 plaintiff filed suit in the District Court for the District of Columbia challenging the 1972 decision that he was medically fit and directing the Secretary of the Army to process him for disability retirement. In November 1979 the District Court dismissed plaintiffs complaint with prejudice for failure of plaintiffs local counsel to attend a status conference. This disposition was confirmed by the District Court, and plaintiff did not appeal to the United *710 States Court of Appeals for the District of Columbia Circuit. The present suit was begun in this court on February 4, 1980.
Plaintiff makes a number of arguments why he is entitled to disability retirement pay but it is not necessary to consider all of them. He makes only two claims for monetary relief: the first urging that he should have been retired for physical disability in May 1972, the second that he was improperly separated in 1979 without retirement pay. It is clear that the entire claim based on his separation from active duty in May 1972 is barred by the six-year statute of limitations, 28 U.S.C. § 2501. When this suit was filed in February 1980 more than six years had elapsed since that date. Under Friedman v. United States, 159 Ct. Cl. 1, 14, 17, 24, 310 F.2d 381, 390, 391, 395-96 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963), plaintiffs cause of action accrued in May 1972 because he had then demanded but been refused a Physical Evaluation Board, and was released without disability retirement pay. See also Bruno v. United States, 214 Ct. Cl. 383, 556 F.2d 1104 (1977); Eurell v. United States, 215 Ct. Cl. 273, 276-77, 566 F.2d 1146, 1147-48 (1977). The claim accrued all at once at that time and is neither a continuing one nor tolled by resort to the Correction Board. Ibid.
Plaintiffs second monetary claim is that he was improperly denied disability retirement in 1979 because he was not then given a "full and fair hearing” (to see whether he was entitled to disability retirement pay) under 10 U.S.C. 1214.[3]
A sufficient bar to that claim is that plaintiff was not substantively entitled to disability retirement in 1979. He had, as we have pointed out, been released from regular active duty in 1972 and thereafter never served on regular active duty or active duty for training; he had, in fact, never thereafter served on any training duty (at least since December 31, 1974). The only possible authorization for granting him disability retirement pay in 1979 would be 10 U.S.C. § 1204 (relating to servicemen on active duty for 30 days or less) which permits disability retirement pay in specified circumstances for armed forces members disabled *711 because of injury which is the proximate result of performing active duty or inactive-duty training. Plaintiff was not, however, transferred in 1979 because of any injury incurred in performing active duty or inactive duty training (none of which he had done for a long time). He was, instead, transferred because he then had migraine headaches — a defect not within the limited statutory authorization for disability retirement under 10 U.S.C. § 1204 for officers who are injured while serving for less than 31 days.
If, however, plaintiff is claiming that his transfer in 1979 to the retired reserve somehow reinvigorated or recalled his 1972 claim for disability retirement pay, then limitations bars that claim in this court. Section 2501 of Title 28 requires that suit be brought "within six years after such claim first accrues,” and, as we said, that claim for disability retirement pay first accrued in May 1972.
For these reasons, plaintiff has no monetary claim which the court can entertain.[4]
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.

 In February 1976 plaintiff asked the Army Board for the Correction of Military Records (ABCMR) to determine that he was retired for physical disability in May 1972, and to award the appropriate back pay and other benefits. There was considerable delay in the disposition of the application, but it was finally rejected in October 1979.

 From May 1972 onward, plaintiff sought compensation from the Veterans Administration. He first received a 60% disability rating (1972-1975), which was reduced to 40% (effective March 1, 1976), but then raised to 70% (effective October 1976), and then to 100% (effective March 1978).

 Section 1214 provides: "No member of the armed forces may be retired or separated for physical disability without a full and fair hearing if he demands it.”

 It is unnecessary to consider the Government’s other defenses to the petition.