This disability retirement case comes before the court on cross-motions for summary judgment. The defendant has pleaded limitations as a defense. Upon consideration of the pleadings and briefs, and after oral argument, we conclude that plaintiffs claim is barred by the six-year statute of limitations, 28 U.S.C. §2501.
The plaintiff, Oscar Rutstein, served commendably on active duty in World War II as a bombadier and participated in 39 combat missions. Upon his return to the United States in December, 1944, he underwent six months of psychiatric observation and treatment at the conclusion of which he was discharged from the hospital and given full flying duty status. He then went on terminal leave and was discharged from the Air Force on December 2, 1945. At the time of his discharge, he did not go before a Retirement Board. However, in 1946 the Veterans Administration gave plaintiff a 50 percent disability rating, which was later reduced to 30 percent, and finally to 10 percent.
On January 20, 1972, plaintiff applied to the Air Force Board for Correction of Military Records (the Board) requesting that his record be changed to show that he was retired in 1945 with a medical disability. The Board denied plaintiffs request on September 25,1972. Subsequently, the plaintiff filed a request for reconsideration which was denied by the Board on June 5, 1975. A second request for reconsideration was filed by the plaintiff in 1976, and, after a hearing, the Board recommended that his records be *875 corrected to show that he was retired in 1945 with a medical disability. However, after reviewing the record, the Assistant Secretary of the Air Force disagreed with the Board and denied plaintiff relief on December 20, 1976. Plaintiff filed suit in this Court on September 24,1979.
We do not have jurisdiction of a case which is not filed within six years after the claim first accrues. 28 U.S.C. §2501. Plaintiffs claim accrued on September 25, 1972, upon the final action by the first board competent to determine plaintiffs eligibility for disability retirement pay, which was the Air Force Board for the Correction of Military Records. Friedman v. United States, 159 Ct. Cl. 1, 17-19, 310 F.2d 381, 391-392 (1962), cert. denied sub nom., Lipp v. United States, 373 U.S. 932 (1963).
Plaintiff argues that the 1972 and 1975 decisions of the Board denying him relief, together with the existing Air Force Regulations, were merely tentative and invited reopening of the case, or were at least misleading, due to statements in the decisions that plaintiff was free to submit new evidence for the Board’s consideration. However, both decisions expressly stated that". . .no further action on your application is contemplated.” It is clear that the clause informing plaintiff of his right to submit new evidence is merely boilerplate language that is included in all Board decisions as required by Air Force Regulation 31-3, Paragraph 8(b). Taking the Board’s 1972 decision as a whole, it is evident that the Board’s denial was final, and not tentative or conditional. Plaintiffs subsequent requests for reconsideration in 1975 and 1976 were merely permissive administrative procedures, which neither created a new cause of action nor tolled the statute of limitations. Friedman v. United States, supra, 159 Ct. Cl. at 25, 310 F.2d at 396; see Eurell v. United States, 215 Ct. Cl. 273, 566 F.2d 1146 (1977). Plaintiffs claim accrued when the Board denied his initial application on September 25, 1972, and therefore plaintiffs claim is barred by the statute of limitations.
In light of our disposition of the case, we need not consider other issues raised by the parties.
it is therefore ordered that defendant’s motion for summary judgment is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.
*876 Plaintiffs petition for a writ of certiorari was denied November 29,1982.