Edward D. COWHIG, Plaintiff,
Appellant,

v.

John O. MARSH, Secretary of the Army,
Defendant, Appellee.

No. 82–1352.

United States Court of Appeals,
First Circuit.

Argued Sept. 17, 1982.

Decided Nov. 22, 1982.

Rehearing and Rehearing En Banc
Denied Dec. 17, 1982.

Edward D. Cowhig, pro se.

Gregory C. Flynn, Asst. U.S. Atty., Waltham, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before DAVIS\*, CAMPBELL and BREYER, Circuit Judges.

DAVIS, Circuit Judge.

Appellant Edward D. Cowhig, Jr. (Father Cowhig), then a Catholic chaplain with the Regular Army, resigned from the Army in January 1962 with an honorable discharge. In 1981, he brought this civil suit in the District Court for Massachusetts to direct the Army Board for the Correction of Military Records (Correction Board) to determine whether his discharge from active duty was improper, and whether he should be reinstated on active duty. Chief Judge Caffrey (on March 31, 1982) dismissed the action on the ground that it was barred by res judicata. This appeal followed.

The procedural history of Father Cowhig's claim shows that, while stationed in Okinawa in 1960–61, he had some difficulties with alcohol, and on November 7, 1961 he tendered his resignation which was accepted on January 28, 1962. His claim has been that this resignation was not voluntary but was induced by mistaken action of ecclesiastical authorities attributable to erroneous and perhaps fraudulent information supplied by the Army personnel. Thereafter he made numerous informal attempts to return to active duty. In July 1973 he asked the Correction Board to correct his records to show that his release from active duty was not voluntary but involuntary. This was done in 1974. The next year (1975) he again applied to the Correction Board, seeking to have his release nullified and that he be returned to

\* Of the Federal Circuit, sitting by designation.

active duty. In June 1977 this request was denied. Father Cowhig again (in September 1979) sought relief from the Correction Board which denied it in March 1980 and once more in September 1980. Plaintiff brought suit in the Court of Claims which held (in February 1981) that his claim, having been brought more than eighteen years after his discharge in 1962, was barred by the six-year period of limitations applicable to the Court of Claims (28 U.S.C. § 2501) because the time began to run from the date of his 1962 separation. *Cowhig v. United States,* Ct.Cl.1981, 652 F.2d 69 (reconsideration denied, April 3, 1981). The present district court suit was then filed on June 25, 1981.

█ We hold that, whatever viewpoint we can appropriately approach this case, the district court was right in dismissing the action. On one view, the six-year limitations statute on district court suits against the United States (*see* 28 U.S.C. § 2401, the district court analogue of 28 U.S.C. § 2501, *supra*) and the decision of the Court of Claims both apply directly to this case because it is in effect an attempt to obtain the monetary relief of back-pay from the United States—a claim which had already been explicitly determined to be precluded by limitations. The district court below so held.[1]

If, however, we accept Father Cowhig's belated disavowal of monetary relief (*see* note 1, *supra*) and assume that he seeks no more than the prospective affirmative relief of restoration to active duty, we reach the same result. It may be (we do not decide) that 28 U.S.C. § 2401, which is not in terms restricted to monetary claims,[2] likewise bars, in itself, this type of action asking

affirmative relief which would inevitably lead to the payment of federal money, if only prospectively.

█ But even if § 2401 is not directly applicable, this action would be precluded by the doctrine of laches. At the least, the decision of the Court of Claims shows that plaintiff's basic claim first accrued in 1962 when he was discharged, not when the Correction Board later acted on his requests. Over eighteen years elapsed before he sued in the district court. Pursuit of permissive administrative remedies, whether before the Correction Board or through Congressional intervention, did not necessarily toll the running of either laches or limitations.[3] Here, plaintiff's course of pursuing relief from the other tribunals, before he sued in the district court, does not show that his delay in filing suit below was a diligent or reasonable postponement. He did not even petition the Correction Board until 1973 (eleven years after his discharge), and his successive but fruitless petitions thereafter did *nothing* to enhance his diligence. Nothing in the Board's determinations warranted him in delaying this suit; the partial relief granted by the first Board ruling was all that he requested and the later decisions were wholly adverse. It appears, rather, that he continued with unsuccessful petitions to the Board, then jumped from that tribunal to another, and then still another, all the while simply seeking a renewed chance to win his case on the merits.

On the other hand, the Government has undoubtedly been prejudiced. Memories of the events of 1960–61 have faded in these 18 plus years, and some personnel may no longer be available. *See Deering v. United*

1. On oral argument before us, appellant disavowed all claim for monetary relief, confining his demand to a Board hearing which would simply lead to reinstatement in the Army. But his complaint and position below were not so limited, and Chief Judge Caffrey expressly and correctly understood his position as including a demand for back pay.

2. Section 2401 reads in pertinent part: " * * * every civil action commenced against the United States shall be barred unless the complaint

is filed within six years after the right of action first accrued."

3. The Court of Claims adhered to this proposition, and has likewise held that military personnel claiming an unlawful discharge may (though they need not) go to the Correction Board but can also sue directly in that court. *See, e.g., Eurell v. United States,* 566 F.2d 1146, 215 Ct.Cl. 273 (1977); *Neumann v. United States,* 219 Ct.Cl. 591, 592–93, 618 F.2d 119 (1979).

*States,* 620 F.2d 242, 246, 223 Ct.Cl. 342, 350 (1980). This is especially important in this case in which Father Cowhig places much of his reliance on a challenge to the authenticity of a letter from a high-ranking Army officer shortly prior to plaintiff's discharge, and also asserts that the statements in that letter were factually false.

Even were we to view Father Cowhig's claim in the most favorable legal light we can imagine—namely as seeking simple court review of a recent agency decision not to reopen—these facts are sufficient to show that the decision was reasonable and hence lawful.

The short of it is that, on any view we can properly take, appellant's suit in the district court was either barred by a prior judicial decision or was too late.

*Affirmed.*