958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edward D. COWHIG, Plaintiff, Appellant,
v.
CHIEF OF CHAPLAINS, U.S. ARMY, ET AL., Defendants, Appellees.
 No. 91-2027.
 United States Court of Appeals,
First Circuit.
 March 27, 1992
 
 Edward D. Cowhig on brief pro se.
 Wayne A. Budd, United States Attorney, and Annette Forde, Assistant United States Attorney, on Motion to Dismiss the Appeal or in the Alternative for Summary Affirmance for appellee Secretary of the Army, et al.
 Robert L. Farrell, Gary D. Buseck and Parker, Coulter, Daley & White, on brief for appellee Archdiocese for Military Services, U.S.A.
 Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Edward Cowhig filed this action in the District of Massachusetts on May 16, 1990, claiming that the circumstances surrounding his discharge in January 1962 from his position as a chaplain in the U.S. Army violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-68. Cowhig alleged that in 1961 a letter, purporting to be from Army Lt. Gen. Paul Carraway, was sent to the U.S. Army Chief of Chaplains. According to Cowhig, the letter was forged as the result of an illicit conspiracy against him. The letter, which recounted incidents of Cowhig's alcohol abuse, resulted in Cowhig's discharge. Cowhig's complaint named the Secretary of the Army, four different agencies within the Army, and the Archdiocese for Military Services, U.S.A. The district court, in a brief, one-page order issued April 25, 1991, dismissed Cowhig's claims against the Army defendants on grounds of res judicata and collateral estoppel, and dismissed Cowhig's claims against the Archdiocese as barred by the statute of limitations.
 
 
 2
 Cowhig already has unsuccessfully challenged his discharge from the Army and sought reinstatement on numerous occasions, albeit without invoking RICO. In Cowhig v. Marsh, 693 F.2d 234 (1st Cir. 1982), cert. denied, 460 U.S. 1092 (1983), this court affirmed an order denying him relief in such a challenge, finding that his action for reinstatement, claiming mistake and fraud, was barred by the statute of limitations. This court's opinion detailed Cowhig's previous litigation before the Army Board for the Correction of Military Records and the Court of Claims regarding this matter. Id. at 234-235.
 
 
 3
 Again on October 11, 1988, this court, in an unpublished opinion, affirmed the dismissal on grounds of res judicata of a similar action brought by Cowhig. Cowhig v. Secretary of the Army, slip. op., No. 88-1012 (1st Cir. 10/11/88). In form Cowhig's action in that case sought review of an adverse determination by the Department of the Army, but in substance Cowhig alleged that his discharge had been induced by erroneous or fraudulent information provided by Army personnel. This court ruled that although Cowhig had asserted a different cause of action than in his prior suit, both actions arose out of the same transactions. Cowhig was merely changing his theory of recovery. Thus, under the "transactional" approach to res judicata embraced by this court in Manego v. Orleans Board of Trade, 773 F.2d 1, 5 (1st Cir. 1985), cert. denied, 475 U.S. 1084 (1986), we found Cowhig's new action to be precluded. See Restatement (Second) of Judgments § 24 (1982).
 
 
 4
 Cowhig's instant claims against the five federal defendants are precluded for precisely the same reasons. Now Cowhig claims yet again that his discharge resulted from fraudulent information provided by Army personnel. This time, he relies on RICO for his theory of recovery, but the transactions he alleges are precisely the same as those alleged in his previous suits. For the reasons we stated in our 1988 unpublished opinion, we agree with the district court that principles of res judicata and collateral estoppel preclude this endless re-pouring of old wine into new bottles. See Kale v. Combined Insurance Co., 924 F.2d 1161, 1166 (1st Cir.), cert. denied, 112 S.Ct. 69 (1991).
 
 
 5
 Cowhig objects that his prior suit was dismissed on statute of limitations grounds, so that he never received an adjudication of his claims on the merits. This distinction, however, has no relevance for res judicata purposes. "It is beyond peradventure that the dismissal of a claim as time-barred constitutes a judgment on the merits, entitled to preclusive effect." Id. at 1164.
 
 
 6
 The five federal defendants named in the complaint herein are (1) the Secretary of the Army; (2) the Chief of Chaplains, U.S. Army; (3) the Surgeon General, U.S. Army; (4) the Chief, Legislative Liaison Office, U.S. Army, and (5) the Army Board for Correction of Military Records. The Secretary of the Army was named as a defendant in Cowhig's last two federal actions. Since the claims against the other four federal defendants involve official actions of the Army rather than any actions taken by any of them personally, we conclude that these defendants are sued in their official capacities. Under res judicata principles, a judgment in favor of the United States in a prior suit precludes relitigation of the same issues between the same plaintiff and other federal defendants in their official capacity. Walsh v. International Longshoremen's Ass'n, 630 F.2d 864, 870 (1st Cir. 1980). Accordingly, res judicata bars Cowhig's action against all five federal defendants.
 
 
 7
 Since the Archdiocese, unlike the Army, was not a party to any of Cowhig's prior suits, application of res judicata and collateral estoppel principles to bar Cowhig's claims against the Archdiocese is less straightforward. Since Cowhig has had a full and fair opportunity to litigate his discharge in previous actions, the Archdiocese may well be entitled to invoke principles of collateral estoppel defensively to prevent Cowhig from relitigating the matter against it. See Lynch v. Merrell-National Laboratories, 830 F.2d 1190, 1192 (1st Cir. 1987).
 
 
 8
 In any event, we agree with the district court that Cowhig's claims against the Archdiocese are barred by the statute of limitations. The statute of limitations for civil RICO actions is four years. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). A civil RICO claim accrues "when a plaintiff discovered, or should have discovered, his injury," Rodriguez v. Banco Central, 917 F.2d 664, 665-66 (1st Cir. 1990), unless tolled under standard tolling doctrines like fraudulent concealment. Id. at 667-68, and cases cited therein. Here, Cowhig discovered his injury in 1962 when he was discharged. Thus, his RICO suit is decades late.
 
 
 9
 Cowhig does allege fraudulent concealment of his cause of action as part of the illicit conspiracy against him. However, his allegation is that defendants conspired to deny him access to the allegedly fraudulent letter of Lt. Gen. Carraway. Cowhig acknowledges, nevertheless, that the Archdiocese ultimately provided him with a copy of that letter in August 1980. As of that date, therefore, he should have known whether he had a cause of action based on alleged misstatements in that letter. Furthermore, Cowhig asserts that in 1979 Lt. Gen. Carraway denied either writing or authorizing the letter. Indeed, the record shows that in a 1979 application for relief from the Army Board for Correction of Military Records, Cowhig alleged that his discharge resulted from "a fraudulent forged document submitted by unknown persons." Since Cowhig did not bring this RICO suit against the Archdiocese until 1990, eleven years later, the suit is time-barred.
 
 
 10
 Cowhig's motion for reconsideration of this court's order denying his motion for discovery on appeal is denied.
 
 
 11
 Cowhig's request for "oral interrogation" in lieu of oral argument is denied.
 
 
 12
 The judgment of the district court is affirmed.