980 F.2d 721
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edward D. COWHIG, Plaintiff Appellant,
v.
CHIEF OF CHAPLAINS, U.S. ARMY, et al., Defendants, Appellees.
 No. 92-1440.
 United States Court of Appeals,
First Circuit.
 December 7, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Edward D. Cowhig on brief pro se.
 A. John Pappalardo, United States Attorney, and Annette Forde, Assistant U.S. Attorney, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant Edward Cowhig filed an action in the District Court for the District of Massachusetts on May 16, 1990, claiming that the circumstances surrounding his discharge in January 1962 from his position as a chaplain in the U.S. Army violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-68. Before bringing that action Cowhig already had unsuccessfully challenged his discharge from the Army and sought reinstatement on numerous occasions. See, e.g., Cowhig v. Secretary of the Army, slip op., No. 88-1012 (1st Cir. 10/11/88); Cowhig v. Marsh, 693 F.2d 234 (1st Cir. 1982), cert. denied, 460 U.S. 1092 (1983). The district court dismissed Cowhig's action on April 25, 1991, on grounds of res judicata, collateral estoppel, and the statute of limitations. The district court entered judgment for defendants on July 2, 1991. This court affirmed. Cowhig v. Chief of Chaplains, slip op., No. 91-2027 (1st Cir. 3/27/92).
 
 
 2
 While the appeal in Cowhig's case was pending, Cowhig filed a Fed. R. Civ. P. 60(b) motion in the district court requesting that the district court reconsider its judgment on the grounds of newly discovered evidence. The district court summarily denied Cowhig's motion. Cowhig appeals. We affirm.
 
 
 3
 The rule based on which Cowhig sought reconsideration of the judgment, Rule 60(b), provides as follows:
 
 
 4
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."
 
 
 5
 This court will disturb a district court's denial of a Rule 60(b) motion only upon a finding that the district court abused its discretion in denying the motion. Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989); Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 28 (1st Cir. 1988).
 
 
 6
 The putative "newly discovered" evidence offered by Cowhig in support of his Rule 60(b)(2) motion consisted of the following four items: (1) August 1991 letters of Lt. Col. Thomas Kelly discussing typhoon weather conditions and paratroop operations on Okinawa in 1961; (2) October 1991 and March 1985 letters of Dr. George Roark diagnosing Cowhig's medical condition on Okinawa in 1961-62, in part reviewing Dr. Roark's 1983 testimony on the same subject before the Army Board for the Correction of Military Records; (3) an October 1991 letter from Dr. John Day diagnosing Cowhig's medical condition in the early 1960's; and (4) a January 1986 letter from Dr. William Rohde doing the same. None of these items of evidence meet the Rule 60(b)(2) requirement that the evidence could not have been discovered in time for a Rule 59 motion, i.e., by July 1991. Dr. Rohde's January 1986 letter and Dr. Roark's March 1985 letter were in existence before that time and obviously do not constitute newly discovered evidence.
 
 
 7
 Lt. Col. Kelly's letter concerning conditions in Okinawa in 1961 sets forth information that should have been available to Cowhig at any time between his January 1962 discharge and July 1991. Finally, the October 1991 medical diagnoses of Dr. Roark and Dr. Day could have been obtained, in the exercise of due diligence, by July 1991. Thus, Cowhig in fact presented no newly discovered evidence at all.
 
 
 8
 Even were it otherwise, "it is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transportation Co., 953 F.2d 17, 20 (1st Cir. 1992). The litigant must, instead, "at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake." Id. at 21. Here, by contrast, even if the trial court were to accept as true all the assertions concerning Cowhig's medical condition in 1961-62 that are contained in Cowhig's proffered evidence, that would avail Cowhig nothing. All of Cowhig's proffered evidence is irrelevant to the res judicata, collateral estoppel, and statute of limitations grounds upon which the district court based its judgment against Cowhig.
 
 
 9
 The district court's denial of Cowhig's Fed. R. Civ. P. 60(b) motion is affirmed.