Plaintiff served consecutively as an enlistee from 1‘943 in the Navy, Army and Air Force until Ms retirement for longevity in July 1966. During his Army enlistment (March 1946 to December 6, 1957 when he was honorably discharged at the expiration of his reenlistment term), he was reduced in rank effective January 18,1954 from Sergeant First Class E-6 to Staff Sergeant E-5. In August 1969 plaintiff unsuccessfully applied to the Army Board for Correction of Military Records to remove the reduction in rank. Plaintiff in the present suit seeks to recover the difference between the basic pay of a Sergeant First Class E-6 and the basic pay of the lower grade in which he served until his honorable discharge from the Army, alleging that his demotion was not in compliance with applicable regulations. This case came before the court on the parties’ cross-motions for summary judgment. Upon consideration thereof, together with the opposition thereto and the briefs of the parties, without oral argument of counsel, the court concludes that plaintiff knew of his reduction in rank by August 13,1954, but his suit was not filed until July 8,1971, and therefore his alleged claim is barred under the doctrine of laches. See Gersten v. United States, 176 Ct. Cl. 633, 364 F. 2d 850 (1966); Grisham v. United States, 183 Ct. Cl. 657, 392 F. 2d 980 (1968), cert. denied, 393 U.S. 843; and Cason v. United States, 198 Ct. Cl. 650, 461 F. 2d 784 (1972). The court further concludes that defendant is not estopped from pleading laches. See Montilla v. United States, 198 Ct. *866 Cl. 48, 457 F. 2d 978 (1972). On March 6,1978, by order, the court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition. On May 11,1973 the court denied plaintiff’s motion for rehearing of plaintiff’s and defendant’s cross-motions for summary judgment pursuant to Rule 151.