"This military pay case comes before the court on cross-motions for summary judgment. Plaintiff, a Marine, received orders to report for Vietnam duty on December 16, 1967. On December 14, 1967, while on home leave, he went to a local hospital and shot himself in the foot, causing permanent injury. He was court-martialed for malingering, 10 U.S.C. § 915 (1970), USMJ Art. 115, pleaded guilty, and was sentenced to dishonorable discharge, later reduced to bad conduct. He was discharged on January 3, 1969.
"Plaintiff now insists that his conviction and discharge were improper because he lacked the mental capacity necessary to commit the offense of malingering and to defend himself. This claim was first raised when he filed suit in the Court of Claims on December 23, 1974, a period of 5 years, 11 months, and 20 days after his bad conduct discharge. To try the issue of his mental capacity at the time of trial or at the time of his offense would now be a most difficult task, and the prejudice defendant would suffer from such a contest is obvious. No good cause explains this delay. We note that plaintiff was examined by psychiatrists both at the time of the offense and subsequently. Plaintiffs own counsel stated at the court-martial that plaintiff was mentally responsible. We hold that the doctrine of laches bars plaintiffs claim. Brundage v. United States, 205 Ct. Cl. 502, 504 F.2d 1382 (1974), cert. denied, 421 U.S. 998 (1975). It is unnecessary to address additional issues.
"Now, therefore, upon consideration of the motions, briefs, and oral arguments of the parties,
*972 "it is ordered that defendant’s motion for summary judgment is granted, plaintiffs cross-motion is denied, and plaintiffs petition is dismissed.”
Plaintiffs motion for rehearing, rehearing en banc and for other relief was denied February 3, 1978.