—On February 3, 1978, the court entered the following order on the parties’ motions for rehearing respecting the opinion reported ante at 19:
"Both plaintiffs and defendant have filed petitions for rehearing of the opinion and decision in this case which were promulgated on October 19, 1977. Defendant asks for rehearing en banc. A majority of the active judges of the court have not voted to grant the defendant’s suggestion for rehearing en banc. The rehearing petitions have therefore been considered under Rule 151 by the above panel.
"Except for the matter discussed in the next paragraph, the court denies both petitions for rehearing.
"With respect to the portion of defendant’s rehearing petition relating to plaintiff Martin, the court grants the petition to that extent, and amends the opinion of October 19, 1977 as follows:
"At the end of the last paragraph of the opinion (prior to "Conclusion”) the following new footnote[7] is inserted:
"IT IS SO ORDERED.”

 Plaintiff Martin is not entitled to be retroactively slotted in GS-16, a supergrade. Under 5 U.S.C. §§ 3324(a) and 5108(a), no placement in a supergrade position can be made without the prior approval of the employee’s qualifications by the Civil Service Commission. The Commission has emphasized in its regulations this requirement of prior approval. 5 C.F.R. § 305.505(b); see, also, Federal Personnel Manual, chap. 305, subchapter 3-3(f). Retroactive approval is not permissible. See 56 Comp. Gen. 432 (1977). Obviously, no such prior approval was obtained for Martin on his return to IRS. Accordingly, Martin cannot now be slotted, for the purposes of this suit, at any grade higher than GS-15; if the steps of that grade do not suffice to give him IRS pay at least equal to his FTAS pay, he is barred from recovery by the legislation relating to supergrades which control and override IRM § 183(10).9(2).