This military pay case is before the court on defendant’s motion to dismiss and plaintiffs opposition thereto. The parties have ably and thoroughly briefed the case. Plaintiff also requested the opportunity to present oral argument. After carefully reviewing the briefs and exhibits presented, we find oral argument unnecessary and we grant defendant’s motion to dismiss.
Plaintiff, a dentist by profession, was a Major in the United States Air Force with 14 years and 29 days of active military service completed on November 30,1963, at which time he was involuntarily separated from the Air Force due to having been twice passed over for promotion to the permanent rank of Lieutenant Colonel. At the time of his separation, plaintiff had been passed over for temporary promotion to the rank of Lieutenant Colonel in 1958, 1959, and 1960 and for permanent promotion to the rank of Lieutenant Colonel in 1962 and 1963. Prior to his separation in November 1963, plaintiff had filed two applications with the Air Force Board for the Correction of Military Records, both of which were denied on October 10, 1963. Plaintiff also filed a request for reconsideration with *592 the Correction Board which was denied on December 6, 1963.
After his separation from the Air Force, plaintiff filed a further application with the Correction Board on May 5, 1965, but to no avail. Plaintiff filed his original petition in this court on November 28, 1969. Proceedings in this court were subsequently suspended to allow plaintiff to file a further application with the Correction Board. That application was denied on March 17, 1977. Plaintiff then amended his petition in this court and commenced further proceedings alleging that his termination from the Air Force in 1963 was unlawful and the Correction Board’s failure to correct his records to right the unlawful action amounted to arbitrary and capricious conduct on the part of the Correction Board. Accordingly, plaintiff is claiming back pay and retirement benefits.
In the motion to dismiss, defendant contends that plaintiffs petition should be dismissed for it is barred by laches and because it fails to state a claim for relief within the jurisdiction of the court. We agree with defendant’s laches contention and therefore do not address the failure to state a claim contention.
This court has held that the doctrine of laches is applicable to military pay cases. Bender v. United States, 201 Ct. Cl. 865, cert. denied, 414 U. S. 1022 (1973); Brundage v. United States, 205 Ct. Cl. 502, 504 F. 2d 1382 (1974), rehearing denied, 206 Ct. Cl. 823 (1975), cert. denied, 421 U. S. 998 (1975); Cason v. United States, 200 Ct. Cl. 424, 431, 471 F. 2d 1225, 1229 (1973). To establish laches there must be a showing of undue delay by the plaintiff and resulting prejudice to the Government. Delay alone is not sufficient. Brundage v. United States, supra, 205 Ct. Cl. at 509, 504 F. 2d at 1386. The longer the delay, however, the less need there is to search for specific prejudice and the greater the shift to plaintiff of the task of demonstrating lack of prejudice. Cason v. United States, supra, 200 Ct. Cl. at 431, 471 F. 2d at 1229; Grisham v. United States, 183 Ct. Cl. 657, 392 F. 2d 980, cert. denied, 393 U. S. 843 (1968); Gersten v. United States, 176 Ct. Cl. 633, 364 F. 2d 850 (1966).
The petition in this case was filed 5 years, 11 months, and 28 days after the date on which plaintiff was *593 discharged from the Air Force. Such a delay is clearly undue delay unless excused by extenuating circumstances. Plaintiff has assigned no circumstance which would justify such a delay. And the fact that plaintiff made repeated applications to the Correction Board does not constitute a mitigating circumstance unless the seeking of such administrative relief is a prerequisite to the filing of a suit. Gersten v. United States, supra, 176 Ct. Cl. at 636, 364 F. 2d at 852. Prejudice to the Government is manifest in a case where a "claimant for back pay unreasonably delays in the assertion of his rights, thereby obliging the government to pay two salaries, over a long period of time, when it has received the services of only one person.” Brundage v. United States, supra, 205 Ct. Cl. at 510, 504 F. 2d at 1386. The Government has been prejudiced for if plaintiff were to prevail on the merits, the Government would be obligated to pay two salaries for a period of more than seven years while receiving the services of one person.
Finally, plaintiff contends that laches is not a viable defense to this case because the original petition was filed on November 28, 1969, prior to this court’s warning in Cason, supra, that military pay cases, like civilian pay cases, were subject to laches. To agree with plaintiff one must read the Cason warning as applying prospectively and not to cases filed prior to the date of decision in Cason. We cannot agree with this reading of Cason. And, indeed, this court has applied the doctrine of laches to military pay claimants who filed their petitions prior to the decision in Cason. See Brundage v. United States, supra; Bender v. United States, supra.
For the foregoing reasons, we grant defendant’s motion to dismiss and order plaintiffs petition dismissed, with prejudice.
On April 13, 1979 the court denied plaintiffs suggestion for rehearing en banc and motion for rehearing, stating in part that "In denying the [requests] the court emphasizes that in Cason v. United States, 200 Ct.Cl. 424, 471 F. 2d 1225 (1973), the court did not guarantee that it would refuse to apply the laches defense to every case in which the laches period ran before the Cason decisions, no matter what the other equities might be. Instead, all the equities were to be taken into account in each case. In the present *594 instance, the court has taken account of all the circumstances and equities, including the fact that plaintiff was permitted to amend his petition substantially in 1978, many years after the case was begun, and it was in response to the filing of that amended petition that the defendant raised the defense of laches, it is therefore ordered that plaintiffs said motion for rehearing is denied.”