Plaintiff is a former sergeant in the United States Marine Corps, who was discharged "under honorable conditions” on June 8, 1970, after approximately 9 years of service. In 1973 plaintiff requested the Board for Cor *889 rection of Naval Records ("Correction Board”) to change his records to show that he was discharged from the Marine Corps with severance pay or retired by reason of physical disability. This request was denied approximately 6 months later. On June 4, 1976, plaintiff filed the petition in the present case seeking an award of physical disability retirement pay and correction of his naval records accordingly. The trial judge suspended proceedings to permit plaintiff again to seek relief administratively through the Correction Board, which denied plaintiffs second application on February 27, 1979.
Defendant now moves to dismiss plaintiffs claim as barred by laches. Plaintiffs petition was filed 5years, 11 months, and 26 days after his discharge. Plaintiff maintains that at the time of his discharge he was suffering from physical disabilities, namely, psychoneurosis and an injury to the left arm. The Physical Evaluation Board, which examined plaintiff prior to his discharge, concluded that he was unfit for duty by reason of an emotionally unstable personality which existed prior to service. Defendant asserts that it has been prejudiced by plaintiffs delay in bringing suit due to the fading memory of witnesses, i.e., the doctors who examined plaintiff.
As we have said previously in Carrasco v. United States, 215 Ct. Cl. 19, 29 (1977), rehearing denied, 215 Ct. Cl. 1044 (1978):
Since laches is an equitable doctrine, there is no automatic formula to apply. Each case must be determined in light of its own particular facts. The two essential elements that must be present before this court will bar a claim through laches are an unreasonable delay by plaintiff in prosecuting the claim and resulting prejudice to defendant. Wilmot v. United States, 205 Ct. Cl. 666, 684-85 (1974); Albright v. United States, 161 Ct. Cl. 356, 362-63 (1963). The longer the delay, the less the need, on the part of defendant, to show specific prejudice. Gersten v. United States, 176 Ct. Cl. 633, 636, 364 F. 2d 850, 852 (1966).
* * * * *
The most significant example of prejudice to the Government in civilian pay cases is the duplication of salary situation, where an illegally discharged employ *890 ee is given back pay and his replacement has also been drawing the salary of the position. Wilmot v. United States, supra, 205 Ct. Cl. at 685.
This same prejudice exists in military pay cases as well, Brundage v. United States, 205 Ct. Cl. 502, 510, 504 F. 2d 1382, 1386-87 (1974), cert. denied, 421 U.S. 998 (1975). In a claim for disability pay, however, no such prejudice automatically results from delay in bringing suit.
Defendant’s only assertion of prejudice here is a general allegation that memories will have faded. Similar allegations have been deemed sufficient to invoke laches in O’Callaghan v. United States, 216 Ct. Cl. 481 (1978), cert. denied, 439 U.S. 1068 (1979), and McGahey v. United States, 213 Ct. Cl. 717 (1977). In each of those cases, however, the court had before it substantial documentation regarding the facts of the plaintiffs discharge. The court was thus in a position to evaluate realistically the government’s claims of prejudice due to the fading memories of doctors who had examined the plaintiff. In the present case, no documentation has been submitted in support of defendant’s motion.
On the bare facts submitted to date, we cannot properly determine whether laches bars plaintiffs claim. We cannot presume prejudice to the government merely because of the passage of time since plaintiffs discharge. It appears that the issue may turn on whether plaintiffs physical disabilities existed prior to service. Thus, potentially critical facts were already 9 years old at the time that plaintiffs cause of action first accrued. Because memories might have already faded even if suit had been brought promptly, it is possible that plaintiffs delay might have caused no prejudice to defendant. See Carter v. United States, 213 Ct. Cl. 727 (1977).
Accordingly, we deny the motion to dismiss based on laches. Since defendant might have in its possession other material that could establish' prejudice to the government, this denial is without prejudice to the government’s renewal of the motion on the basis of additional facts it may present.
Defendant’s motion to dismiss is denied without prejudice, and the case is remanded to the trial judge for further proceedings.