Defendant has moved without opposition for summary judgment and an order dismissing this petition on the *781 grounds that there exists no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law. Defendant submits several theories to obtain this result, but we find defendant is clearly entitled to summary judgment because the claim is barred by the doctrine of laches. We therefore dismiss the petition without oral argument.
Plaintiff Quirk is a former enlisted member of the United States Navy. During his naval service, plaintiff had a history of medical abnormalities, including repeated dizziness, prolonged loss of consciousness, and convulsive seizures. Plaintiff claimed these symptoms maifested epilepsy; the Navy, after repeatedly examining plaintiff and finding no physical signs of epilepsy, concluded the symptoms manifested severe alcohol abuse. Eventually, following several disciplinary incidents in 1972 and 1973 as a result of which plaintiff was reduced in grade from E-6 to E-4, the Navy undertook to honorably discharge plaintiff on the basis of unsuitability. Plaintiffs records were referred in March 1974 to a Physical Evaluation Board (PEB) for a formal hearing on his medical condition. The PEB concluded plaintiff was unfit for duty and issued a diagnosis of "Antisocial personality, manifested by chronic longstanding behavioral maladaptation and continuing alcoholism, (a condition not constituting a physical disability).” On April 17, 1974, the Physical Review Council affirmed the PEB findings; and plaintiffs discharge followed on May 10, 1974. On August 15, 1977, the Board for the Correction of Naval Records (BCNR) denied plaintiffs June 1976 request for Correction of his military records to reflect separation or retirement for reason of physical disability.
In his petition filed in this court on May 8, 1980, plaintiff seeks correction of his military record to reflect an honorable discharge, full disability retirement, restoration to the pay grade E-6, and other damages in the amount of $25,000. As to any claims plaintiff might have had for back pay based on demotions, those claims accrued in 1972 and 1973 when the demotions occurred and are now time-barred by 28 U.S.C. § 2501 (1976). Regarding plaintiffs claim for other damages based on a negligent failure to detect *782 plaintiff s alleged condition, that claim sounds in tort and is similarly beyond our jurisdiction. Plaintiffs claim for disability retirement, as we discuss below, is barred by a failure to diligently pursue his remedy in this court.
It is well established that a claim for disability retirement under 10 U.S.C. § 1201 et seq. (1970) accrues when a proper board has considered a disability claim and denies it or when there is a refusal to convene a proper board at a claimant’s request. E.g., Friedman v. United States, 159 Ct. Cl. 1, 24-25, 310 F. 2d 381, 395-396 (1962), cert. denied sub nom. Lipp v. United States, 373 U. S. 932 (1963).
In the present case, the final board action of the Navy regarding plaintiffs claim for disability retirement occurred upon the Physical Review Council’s affirmation on April 17, 1974, of the March 20, 1974, PEB decision. That decision allowed plaintiff to be discharged without disability benefits despite plaintiffs arguments to the Council that he was disabled by epilepsy. As plaintiff could not sue for disability retirement pay (which is less than active duty pay) until he was separated from active duty, the earliest a petition could have been brought was on May 10, 1974. Plaintiff Quirk’s petition was not filed until May 8, 1980, only two days short of the expiration of the statute of limitations. See 28 U.S.C. § 2501 (1976). Not only must the claim be filed within six years of accrual but, also, within the applicable period of limitations, a plaintiff must proceed diligently or have his claim barred by laches. The equitable defense of laches stems from the maxim that "equity aids the vigilant, not those who slumber on their rights” and is designed to promote diligence and prevent enforcement of stale claims. Powell v. Zuckert, 366 F. 2d 634, 636 (D.C. Cir. 1966). Ordinarily, the defense of laches requires proof of lack of diligence by the party against whom the defense is asserted and prejudice to the party asserting the defense. Costello v. United States, 365 U.S. 265, 282-283 (1961); Brundage v. United States, 205 Ct. Cl. 502, 509, 504 F. 2d 1382, 1386 (1974), cert. denied, 421 U. S. 998 (1975). As plaintiffs delay in filing the suit increases, however,
* * * the less need there is to search for specific prejudice and the greater the shift to plaintiff of demon *783 strating lack of prejudice. Brundage, 205 Ct. Cl. 509, 504 F. 2d at 1386; Cason II, 200 Ct. Cl. at 431, 471 F. 2d at 1229; Grisham, 183 Ct. Cl. at 663, 392 F. 2d at 983; Gersten v. United States, 176 Ct. Cl. 633, 636, 364 F. 2d 850, 852 (1966). Despite filing on the last day allowed by our six-year statute of limitations (the point at which the burden to show lack of prejudice is greatest on plaintiff), plaintiff has made no effort to demonstrate such lack of prejudice. Meanwhile, defendant has at least noted the fading of witnesses’ memories that has undoubtedly occurred since plaintiffs claim accrued in 1971. See Cason v. United States (Cason I), 198 Ct. Cl. 650, 658, 461 F. 2d 784, 788-89 (1972) (vacated at 200 Ct. Cl. 424, 471 F. 2d 1225 (1973), but quoted in Brundage, 205 Ct. Cl. at 511, 504 F. 2d at 1387).
Deering v. United States, 223 Ct. Cl. 342, 350, 620 F. 2d 242, 246 (1980). This case is little different from Deering for plaintiff Quirk has delayed filing his claim in this court until two days before the limitations period expired. See also Neumann v. United States, 219 Ct.Cl. 591 (1979), cert. denied, 444 U.S. 1019 (1980) (delay of 5 years, 11 months, 28 days); D’Ascenzo v. United States, 215 Ct. Cl. 971 (1977) (delay of 5 years, 11 months, 20 days). Defendant alleges, and we think it likely, that the examining doctors cannot be located or, if found, can hardly be expected to recall observations made at least a decade ago. The administrative record is hardly an adequate substitute. See, e.g., McGahey v. United States, 213 Ct. Cl. 717, 719 (1977); Devine v. United States, 208 Ct. Cl. 998, 1000-1001 (1975). Defendant’s ability to defense this claim has been hampered, and thus, the requirement of prejudice has been met. See Eurell v. United States, 215 Ct. Cl. 273, 280, 566 F. 2d 1146, 1150 (1977); O’Callaghan v. United States, 216 Ct. Cl. 481, 484 (1978), cert. denied, 439 U.S. 1068 (1979). Compare Roberts v. United States, 221 Ct.Cl. 888 (1979), where the record was inadequate to demonstrate prejudice with this holding. Absent a compelling explanation for this delay, laches will bar this claim.
Plaintiff has not opposed this motion, and his petition discloses no reason for the prolonged delay. Plaintiff was clearly aware of his claim at the time of discharge. Plaintiffs best argument appears to be that his 1976 request for correction of his military record demonstrates *784 diligence. Leaving aside the two-year delay associated with the BCNR request, it is clear that exhaustion of such permissive remedies is not mandatory to our jurisdiction. This court was available to plaintiff once the claim accrued in May 1974. Thus, even if the optional administrative remedy had been diligently pursued, the question of diligence in this court could not be resolved in plaintiffs favor. See, e.g., Gentry v. United States, 225 Ct.Cl. 654 (1980).
it is therefore ordered that defendant’s unopposed motion for summary judgment be allowed and plaintiffs petition be and is hereby dismissed.