This case is before the court on cross-motions for summary judgment. After careful consideration of the parties’ submissions, and after hearing oral argument of defendant,[1] we allow the defendant’s motion and deny the plaintiffs.
Donald L. Hogle, the plaintiff, a sergeant in the United States Air Force, was released from active duty in July 1972 following surgery for a service-related knee injury. To be eligible for this early release, plaintiff agreed to serve in the Air National Guard (ANG) for a specified period beginning on August 24, 1973. Due to his knee injury, plaintiff had been rated 10 percent disabled by the Veterans’ Administration (VA) and had begun receiving disability compensation in July 1972.
The parties dispute whether plaintiff reported to the ANG and whether plaintiff was told receipt of VA disability compensation precluded his participation in the ANG. According to regulation, receipt of such compensation does not preclude participation. Due to his failure to join the ANG, the Air Force recalled the plaintiff to active duty in December 1973. Plaintiff reported for active duty and waived his VA compensation.
*646 Subsequently plaintiff requested a hardship discharge and was discharged for the Government’s convenience on March 8, 1974. Plaintiffs VA disability compensation was reinstated upon his discharge. Plaintiff is now before this court seeking damages for his allegedly illegal recall to active duty.
We do not reach the plaintiffs substantive claims for we find his claim is barred by laches:
Laches ia a "fairness” doctrine by which relief is denied to one who has unreasonably and inexcusably delayed in the assertion of a claim. Failure to act promptly will operate as a bar to recovery where .the delay results in injury or prejudice to the adverse party. The doctrine of laches is based upon considerations of public policy, which require, for the peace of society, the discouragement of stale demands. It recognizes the need for speedy vindication or enforcement of rights, so that courts may arrive at safe conclusions as to the truth. As an equitable defense, laches is applied apart from, and irrespective of, statutes of limitations. [Brundage v. United States, 205 Ct. Cl. 502, 505-506, 504 F. 2d 1382, 1384 (1974), rehearing denied, 206 Ct. Cl. 823 (1975), cert. denied, 421 U. S. 998 (1975).]
This court has applied the doctrine of laches to military cases such as this one. Bender v. United States, 201 Ct. Cl. 865, cert. denied, 414 U. S. 1022 (1973); Brundage v. United States, supra.
For laches to apply, two things must be demonstrated, lack of diligence on the plaintiffs part and resulting prejudice to the defendant. We find both are present here. Plaintiffs cause of action accrued on December 22, 1973, when he was recalled to active duty. See generally Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968) aff’d on rehearing, 190 Ct. Cl. 925, 421 F. 2d 703 (1970); Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U. S. 919 (1974). His petition was filed on December 20,1979, just two days before the expiration of the six-year statute of limitations. Plaintiff has offered no explanation for this delay of almost six years. Previous cases have applied the doctrine of laches where the delay has been less, see, e.g., Brundage, supra (3 years and 8 months); Gentry v. United States, 225 Ct.Cl. 654 (1980) (2 years); and also where suit *647 was filed only two days short of the expiration of the statute of limitations, Quirk v. United States, 227 Ct.Cl. 780 (1981). Thus the first requisite for laches is present, i.e., lack of diligence by the plaintiff.
This court has held * * * the longer the delay the less need there is to search for specific prejudice and the greater the shift to plaintiff of the task of demonstrating lack of prejudice.” Cason v. United States, 200 Ct. Cl. 424, 431, 471 F. 2d 1225, 1229 (1973). Accord Grisham v. United States, 183 Ct. Cl. 657, 392 F. 2d 980, cert. denied, 393 U. S. 843 (1968); Gersten v. United States, 176 Ct. Cl. 633, 364 F. 2d 850 (1966). Due to the passage of time, documents essential to this case are missing. These documents include plaintiffs service contract agreement under the early release program and letters of notification for plaintiff to report to the ANG. If this case were fully litigated, defendant would have the substantial burden of locating and possibly producing Air Force personnel and other participants in this matter. The passage of 5 years would make it difficult to locate these individuals and their memories may well have faded. We therefore find defendant has suffered prejudice because of plaintiffs delay in pursuing his claims. Thus the doctrine of laches bars plaintiffs suit.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby allowed. Plaintiffs motion for summary judgment is hereby denied. The petition is hereby dismissed.

 Plaintiff chose not to orally argue this case due to financial considerations. He has instead motioned for and been granted leave to file a reply brief out of time. He has filed this reply brief and we have fully considered it before reaching our decision.