**Chief Warrant Officer Joe GOEPPNER**

v.

**The UNITED STATES.**

No. 271–82C.

United States Claims Court.

Sept. 14, 1983.

Herbert D. Morrison, Frederick, Md., for plaintiff.

Randall B. Weill, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; John T. Burton, Dept. of the Army, Washington, D.C., of counsel.

## AMENDED OPINION PARTIALLY VACATING OPINION OF JULY 27, 1983

MARGOLIS, Judge.

This Court entered an Opinion on July 27, 1983 holding that Plaintiff's claim was barred both by laches and by the statute of limitations. On August 2, 1983 the defendant filed a motion to partially vacate the Court's decision. A supplement to the motion was filed by the defendant on August 22, 1983. The defendant's motion is granted, and the Opinion is partially vacated to the extent of the holding that plaintiff's claim was barred by the statute of limitations. Accordingly, the Opinion is amended to provide as follows.

This case is before the Court on cross motions for summary judgment, submitted with oral argument. Plaintiff, Chief Warrant Officer Joe Goeppner, brings this military pay action against the United States seeking retroactive promotion from the rank of Major to Lieutenant Colonel for the period of December 1971 to June 1972, and from the rank of Chief Warrant Officer to Colonel for the period of December 1974 to the present. Additionally, plaintiff seeks to recover back pay. Plaintiff alleges that but for an administrative delay in recommending him for promotion from Major to Lt. Colonel in 1971, he would have been eligible for promotion to full Colonel prior to his mandatory retirement in April 1975. Plaintiff further alleges that the refusal of the Army Board for the Correction of Military Records (Correction Board) to backdate his promotion to Lt. Colonel, and the Board's subsequent refusal to reconsider his petition were arbitrary and capricious. This Court finds that the plaintiff's claims are barred by the doctrine of laches and, therefore, holds for the defendant.

Plaintiff, a career serviceman who enlisted in 1940, is currently serving on active duty as a Chief Warrant Officer, United States Army Reserve at the United States Army Medical Research and Development Command, at Fort Dietrich, Maryland. Plaintiff's service record indicates that he is an exemplary officer who has served his country with dedication and loyalty for many years.

In early December 1971 plaintiff, who then held the rank of Major, was reassigned to Headquarters, 361st Medical Lab in Chicago, Illinois, where there was a unit vacancy in the rank of Lt. Colonel. Although plaintiff's unit commander recommended that plaintiff be considered by the December 1971 Unit Vacancy Promotion Selection Board (Vacancy Board), plaintiff was not considered because the request was not received prior to the Board's adjournment date of December 13, 1971. Plaintiff subsequently was recommended for consideration by the March 1972 Vacancy Board but again was not considered for promotion due to administrative delays.

In April 1972 the United States Army Reserve Components Personnel and Administration Center (USARCPAC) determined that plaintiff should have been considered for promotion to Lt. Colonel by the January 1971 and January 1972 Mandatory Promotion Selection Boards (Mandatory Board). Using the selection criteria of the January 1971 Mandatory Board, the May 1972 Standby Advisory Board did not recommend plaintiff for promotion.

Plaintiff later was promoted to the rank of Lt. Colonel by the June 1972 Vacancy

Board on June 16, 1972. Army regulations required a positive promotion recommendation by a Mandatory Board before promotion by a Vacancy Board. As a result, the defendant claims that the plaintiff effectively was promoted thirteen days earlier than the date on which he would have been eligible for promotion had he been selected by either the January 1971 or January 1972 Mandatory Boards.

On June 4, 1974 the Commander, 361st Medical Lab, requested that USARCPAC correct plaintiff's records and backdate plaintiff's date of rank as a Lt. Colonel from June 1972 to December 1971. This backdating would have given plaintiff the required time in grade to be eligible for a Vacancy Board promotion to Colonel prior to his mandatory retirement date as a Lt. Colonel. On June 18, 1974 plaintiff submitted an application requesting that his date of rank as a Lt. Colonel be backdated to make him eligible for promotion. Plaintiff based his application on the administrative delays by his superiors that precluded his consideration for promotion to Lt. Colonel by the December 1971 Vacancy Board. On June 20, 1974, USARCPAC forwarded the two requests and recommended that the Correction Board grant the request and backdate plaintiff's date of rank as a Lt. Colonel.

The Correction Board denied plaintiff's request on August 14, 1974 without a hearing. The Correction Board ruled that because plaintiff had been promoted thirteen days earlier than he should have been, no injustice occurred due to the alleged administrative delays.

On October 30, 1974 USARCPAC requested that the Correction Board reconsider its denial of plaintiff's request and grant relief on equitable grounds. On January 13, 1975 the Correction Board sustained its August 14, 1974 decision. Thereafter, on March 29, 1975 the plaintiff vacated his commission as a Lt. Colonel and accepted an appointment as a Chief Warrant Officer in order to avoid mandatory retirement in April 1975.

Plaintiff applied to the Correction Board on July 1, 1981 requesting that it reconsider its decision of August 14, 1974 on the ground that the Correction Board might not have reviewed letters from USARCPAC, dated August 1, 1974 and October 30, 1974, supporting his petition. Plaintiff stated that he was unaware of these recommendations until he discovered them in his military personnel records in September 1979. On March 9, 1982 the Correction Board refused to reconsider its August 14, 1974 decision denying plaintiff's petition on the ground that plaintiff had presented no evidence that had not been previously considered. On May 27, 1982 plaintiff brought the instant action.

Plaintiff's claim is barred by laches. The doctrine of laches bars relief to one who unreasonably and inexcusably delays the assertion of his claim. *Brundage v. United States,* 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974), *rehearing denied,* 206 Ct.Cl. 823 (1975), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). This Court has held that the doctrine of laches is applicable to military pay cases. *Neumann v. United States,* 219 Ct.Cl. 591, 592 (1979); *Brundage v. United States,* 205 Ct.Cl. at 507, 504 F.2d at 1385. To establish the defense of laches, the defendant must show undue delay by the plaintiff resulting in prejudice to the Government. *Neumann v. United States,* 219 Ct.Cl. at 592; *Brundage v. United States,* 205 Ct.Cl. at 509, 504 F.2d at 1386.

Claims against the government first accrue when all events have occurred which fix the government's liability and entitle the claimant to institute an action. *Kirby v. United States,* 201 Ct.Cl. 527, 532 (1973); *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). Plaintiff's claim is premised upon the government's failure to consider him for promotion due to the administrative delay of his superiors. Accordingly, plaintiff's claim first accrued when the Vacancy Board adjourned on December 13, 1971 without considering him for promotion. Plaintiff's petition before this Court was filed ten years and five months after his claim accrued. Plaintiffs charged with far less delay have been barred from recov-

ery by laches where sufficient prejudice was present. *See, e.g., McGahey v. United States,* 213 Ct.Cl. 717 (1977) (delay of 4 years and 10 months); *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (delay of 3 years and 8 months). Furthermore, plaintiff fails to reveal any extenuating circumstances justifying the lengthy delay.

■ Plaintiff's assertion that he was not aware of the additional letters of support on which he based his second appeal to the Correction Board until inspecting his records in 1979 does not justify his delay of over ten years in bringing his fully mature claim before this Court.* Applications to military correction boards for administrative relief do not constitute mitigating circumstances unless the applications are required before bringing suit. *Neumann v. United States,* 219 Ct.Cl. at 593. The exhaustion of permissive remedies is not mandatory to this Court's jurisdiction. *Quirk v. United States,* 227 Ct.Cl. 780, 783–84 (1981); *Brundage v. United States,* 205 Ct.Cl. at 507–09, 504 F.2d at 1385.

■ This Court is reluctant to penalize a plaintiff for a timely and diligent exhaustion of permissive administrative remedies before bringing suit. *Eurell v. United States,* 215 Ct.Cl. 273, 279–80, 566 F.2d 1146, 1150 (1977); *Mariner v. United States,* 1 Cl.Ct. 430, 434 (1983) (Gibson, J.). However, after the initial denial of his application for correction, plaintiff should not be credited for his further efforts to pursue that course while facts necessary for judicial evaluation were becoming increasingly stale. *McGahey v. United States,* 213 Ct.Cl. at 719. Plaintiff delayed two years and six months following accrual of his claim before applying for relief to the Correction Board in June 1974. After the Correction Board's August 14, 1974 refusal to backdate his promotion date, plaintiff waited over seven years and nine months before bringing this action. Following the discovery of supportive material in his files in Septem-

ber 1979, plaintiff waited one year and ten months before again petitioning the Correction Board for reconsideration, and two years and eight months before bringing this action. Plaintiff's claim was fully mature after December 13, 1971, and he presents this Court with no circumstances justifying his delay in bringing suit.

■ Plaintiff's delay in bringing his claim before this Court is alone not sufficient to sustain the defendant's defense of laches. Prejudice to the government must be shown. *Brundage v. United States,* 205 Ct.Cl. at 509, 504 F.2d at 1386. However, the longer the delay, the less need there is to search for specific prejudice and the greater the shift to the plaintiff of demonstrating lack of prejudice. *Quirk v. United States,* 227 Ct.Cl. at 782–83; *Neumann v. United States,* 219 Ct.Cl. at 592.

Prejudice may be shown by some indication that the government's defense has been hampered by the belated prosecution of plaintiff's claim. *Quirk v. United States,* 227 Ct.Cl. at 783; *Gentry v. United States,* 225 Ct.Cl. 654, 656 (1980). Defendant contends that its defense has been hampered because of the need to determine the factual circumstances underlying prior considerations by the promotion and correction boards. The government would be forced to identify relevant documents still in existence and secure witnesses who could be expected to have an imperfect memory of events occurring over ten years ago. "The combination of this specific prejudice plus the long delay in filing suit is enough to invoke laches here." *Eurell v. United States,* 215 Ct.Cl. at 280–81, 566 F.2d at 1150.

Accordingly, plaintiff's claim is barred by the doctrine of laches. Plaintiff's motion for summary judgment is denied. Defendant's cross motion for summary judgment is granted. This Court's Opinion of July 27, 1983 is to be partially vacated, and the petition is to be dismissed. The Judgment

---

* Defendant has submitted uncontroverted affidavits of Major Robert L. Phillips and Lieutenant Colonel Gerald V. Turcotte, both dated Sept. 1, 1982, stating that at no time has the personnel file of an officer or warrant officer ever been sealed or unavailable to the officer for inspection or reproduction.

of July 27, 1983 is vacated, and a new Judgment is to be entered pursuant to this Opinion.