**Herbert P. CARAVELLA**

v.

**The UNITED STATES.**

No. 242–84C.

United States Claims Court.

Dec. 6, 1985.

Herbert P. Caravella, plaintiff, pro se.

Michael T. Paul, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION ON MOTION FOR SUMMARY JUDGMENT

MEROW, Judge:

In this *pro se* action, plaintiff, Herbert P. Caravella, a former enlisted member of the United States Army, seeks money damages, disability retirement compensation and a correction of his military records to have his General Discharge for unsuitability amended to a Medical Discharge. Plaintiff also seeks Veterans Administration (VA) benefits. Mr. Caravella alleges in his complaint that "defendants negligently or recklessly and intentionally or wrongfully denied and deprived" him of disability retirement benefits. Plaintiff also contends that the government deprived him "of his constitutional guarantees of due process" and that the government violated rules and regulations set forth under disability retirement statutes and "conspired to commit fraud" by depriving plaintiff of VA benefits "that were service connected." Plaintiff alleges further that the government caused him "to suffer mental anguish, psychological stress and distress and endanger[ed] plaintiff's health and well being." Plaintiff demands judgment against defendant in the amount of $500,000 in addition to his prayer for recharacterization of his General Discharge.

Defendant has filed a motion for summary judgment pursuant to RUSCC 56(b) on the grounds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Defendant presents four arguments in support of its motion: that plaintiff's claim is barred by the statute of limitations; that plaintiff's claim is barred by the doctrine of laches; that plaintiff has failed to state a claim upon which relief may be granted; and that plaintiff has alleged tort claims beyond the jurisdiction of this court.

It is concluded, after reviewing the administrative record, as well as the submissions of the parties, that there is no genuine issue of material fact and that defendant is entitled to a judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.

*Facts*

Plaintiff was drafted into the United States Army on August 21, 1968. The results of a physical examination performed on April 21, 1968 show that he was found to be medically qualified for induction. After completing his basic assignment at Fort Dix, New Jersey, plaintiff was assigned to Korea where he was treated for a series of various physical ailments. There is no evidence in the administrative record filed with this court, or in any submissions from plaintiff, that he was ever treated for any mental disorders prior to his separation from active duty and departure from Korea on May 22, 1970. Plaintiff's clearance certificate, dated May 18, 1970, affirmatively indicates that plaintiff was free from mental illness; character, behavior and intelligence disorders. It was noted on plaintiff's special orders to depart from Korea that his relief from active duty was not by reason of physical disability.

Plaintiff was admitted to a VA hospital shortly after his return to the United States where he was diagnosed as having a schizophrenic reaction, paranoid type. Shortly thereafter, plaintiff was discharged from the hospital for being "AWOL on unauthorized absence after failing to return for a lengthy period of time." Approximately one year later, plaintiff was diagnosed at the same hospital as being drug dependent.

Plaintiff reenlisted in the Army on August 31, 1971. He was found again to be physically and mentally qualified for reenlistment. Over a period of approximately the next two years, beginning with his return to the United States from his tour of duty in Vietnam, Mr. Caravella was admitted, discharged, readmitted and discharged from Walton Army Hospital. He was diagnosed as having "[m]ixed character disorder, chronic severe with borderline and sociopathic features; manifested by heavy drug use, history of criminal acts without guilt, [and a] history of auditory or visual hallucinations." After several unauthorized absences, Mr. Caravella was apprehended by civil authorities for commission of a criminal offense and placed by military authorities in pretrial confinement. After having been returned to military control on January 29, 1973, plaintiff was given an exhaustive physical examination. His psychiatric examination record reveals that he was diagnosed as having a "[c]haracter and behavior disorder, mixed type, with features of both a borderline and sociopathic antisocial personality disorder[;] chronic, severe." The record shows that the Chief of Mental Hygiene, Clinical Service, concluded that plaintiff "psychiatrically meets the standards for medical retention as described in Army Regulation (AR) 40–405," but further recommended that plaintiff should be considered for administrative separation pursuant to AR 635–200, ch. 13, "for unsuitability due to his severe and chronic recalcitrant character and behavior disorder."

On or about March 5, 1973 plaintiff was advised that he was being recommended for separation from the United States Army because of unsuitability under the provisions of paras. 13–5b, AR 635–200. After being advised of his rights and waiving each, Mr. Caravella received a General Discharge under honorable conditions.

The administrative record indicates that subsequent to the termination of his second enlistment, plaintiff applied to the VA for disability compensation. A regional office of the VA denied plaintiff's request on April 9, 1974, finding that plaintiff's nervous condition was shown to be a personality disorder, and not a disability incurred as a result of disease or injury in service in the line of duty. It was further found that plaintiff's drug dependency was a result of willful misconduct and that the drug dependency problem was not service connected. The VA decision was upheld by the Board of Veterans Appeals.

In 1975, plaintiff applied to the Army Board for Correction of Military Records (ABCMR) requesting that his General Discharge be recharacterized to show that he received a Medical Discharge. Plaintiff's request was denied on June 22, 1977. Plaintiff's request for reconsideration was denied on April 6, 1983. Subsequently, on or about June 21, 1983, plaintiff filed a complaint in the United States District Court for the District of Columbia. The case was transferred to the United States District Court for the Middle District of Pennsylvania. On April 19, 1984, plaintiff's claim was dismissed for lack of jurisdiction. However, pursuant to plaintiff's request for reconsideration, the United States District Court for the Middle District of Pennsylvania transferred plaintiff's action to this court, instead of dismissing plaintiff's claim.

## Discussion

The facts as set forth above are supported by the administrative record and are not disputed by plaintiff. The thrust of plaintiff's arguments relates to the propriety of actions taken by the defendant relating to plaintiff's separation status, the end

result of which affects the benefits derived from plaintiff's discharge.

Defendant's motion for summary judgment presents four questions of law. The four questions raised are: whether plaintiff's claim is barred by the statute of limitations, 28 U.S.C. § 2501 (1982); whether plaintiff's claim is barred by the doctrine of laches; whether plaintiff has failed to state a claim upon which relief may be granted; and whether this court lacks subject matter jurisdiction over plaintiff's claims as sounding in tort. Each of defendant's arguments in its motion for summary judgment goes to this court's alleged inability to consider the merits of plaintiff's claim due to specific procedural or jurisdictional defects. Each of these arguments is considered *seriatim.*

*Statute of Limitations*

■ The statute of limitations, set forth in 28 U.S.C. § 2501 (1982), provides that every claim upon which this court has jurisdiction is barred unless the complaint is filed within six years after such claim first accrues. The statute of limitations is jurisdictional and must be strictly construed. *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974); *Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). It is mandatory and cannot be waived by the United States. *Accord, Camacho v. United States,* 204 Ct.Cl. 248, 494 F.2d 1363, 1368 (1974); *Friedman v. United States,* 159 Ct.Cl. 1, 13, 310 F.2d 381, 389 (1962), *cert. denied sub. nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963).

■ Generally, claims against the government first accrue when all events have occurred which fix the government's liability and entitle the claimant to institute an action. *Goeppner v. United States,* 3 Cl.Ct. 345, 347 (1983), *aff'd without op.,* 732 F.2d 168 (Fed.Cir.1984); *Kirby v. United States, supra,* 201 Ct.Cl. at 532; *Ocean-*

ic *S.S. Co. v. United States,* 165 Ct.Cl. 217, 225 (1964). This court's predecessor has held that accrual of a cause of action for disability retirement pay occurs when the proper board with authority to make a decision either decides or refuses to decide the claimant's entitlement to such pay. *Dzialo v. United States,* 230 Ct.Cl. 506, 677 F.2d 873 (1982); *Friedman v. United States, supra,* 159 Ct.Cl. 1.

■ Defendant asserts that plaintiff's action is time barred on the basis that plaintiff's first discharge date in 1970 or second discharge date in 1973 would control for the purposes of determining the accrual dates of plaintiff's cause of action. While generally, as stated, claims against the government first accrue when all events which have occurred fix the government's liability,[1] plaintiff's claim for correction of records for purposes of recovering disability retirement compensation is governed by the *Friedman* line of cases.[2] As such, plaintiff's cause of action first accrued on June 22, 1977, the date of the ABCMR's decision on plaintiff's first request for recharacterization of his General Discharge in order to qualify for disability retirement.

The complaint in the instant action was filed in this court on June 27, 1984, after the matter was transferred from the United States District Court for the District of Columbia and from the United States District Court for the Middle District of Pennsylvania. Plaintiff's action was initially filed in the District of Columbia on June 21, 1983. The ABCMR's initial denial of plaintiff's claim was dated June 22, 1977 and its reconsideration decision was dated April 6, 1983. Under either ABCMR decision date, plaintiff's claim was filed within the statutory six year period, since the relevant filing date in this transfer matter must relate back to the date of the initial filing in the United States District Court for the District of Columbia. 28 U.S.C. § 1631.

---

1. *E.g., Kirby, supra,* 201 Ct.Cl. at 532 (claim for active duty pay on ground of illegal discharge from military service accrues upon the member's discharge).

2. *Friedman v. United States, supra,* 159 Ct.Cl. 1.

*Laches*

■ Defendant argues alternatively that even if plaintiff's claim is not time barred by the statute of limitations, the claim is barred by laches. The facts do not support this defense. In order to apply laches, defendant must show undue delay by the plaintiff, resulting in prejudice to the government. *Goeppner v. United States, supra,* 3 Cl.Ct. at 347; *Neumann v. United States,* 219 Ct.Cl. 591, 592, 618 F.2d 119 (1979); *Brundage v. United States,* 205 Ct.Cl. 502, 509, 504 F.2d 1382, 1386 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). The record indicates that the plaintiff knew or should have known about his claimed condition by May 28, 1970, when he was admitted to the VA hospital and was diagnosed as schizophrenic. Similar diagnoses were made at various times between 1970 and 1973. Plaintiff filed his first request for relief, relating to disability benefits, with the VA regional office in Newark, New Jersey on October 12, 1973. The resulting decision denying relief was upheld by the Board of Veterans Appeals. Subsequently, in 1975, plaintiff applied to the ABCMR for disability retirement relief. In 1977 plaintiff's disability claim was denied by the Army, and reconsideration was then sought which resulted in a second adverse decision in 1983. Plaintiff has not been shown to have rested on his asserted rights to defendant's detriment. Moreover, based on the sufficiency of the administrative record, it cannot be concluded that the government has made a sufficient showing of prejudice to sustain a laches defense in the circumstances presented.

*Plaintiff's Failure to State A Claim Upon Which Relief May Be Granted*

■ Plaintiff seeks two types of relief outside of claims which must be characterized as tortious. First, plaintiff seeks monetary relief because, allegedly, the VA has wrongfully denied him disability benefits. Secondly, plaintiff seeks recharacterization of his discharge. Plaintiff has filed claims with the VA seeking disability compensation. The VA made final determinations on these claims. This court is precluded from reviewing VA benefit determinations under the "no review" provisions of 38 U.S.C. § 211(a) (1982), which states that:

On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors *shall be final and conclusive* and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise. (Emphasis added.)

Thus, under § 211(a), this court cannot review the VA Board decision. *See, e.g., Slotnick v. United States,* 8 Cl.Ct. 784, 786 (Cl.Ct.1985), and cases cited therein. *See also, Gerber v. United States,* 2 Cl.Ct. 311 (1983); *Armstrong v. United States,* 230 Ct.Cl. 966 (1982), *cert. denied,* 459 U.S. 1102, 103 S.Ct. 723, 74 L.Ed.2d 949 (1983).

■ This court, however, is not barred from reviewing the determination of the ABCMR. The standard for review of the administrative board decision in the disability area is:

limited to determining whether the action of the military is arbitrary, capricious, unsupported by substantial evidence or contrary to applicable statutes and regulations.

*Dzialo v. United States,* 5 Cl.Ct. 554, 561 (1984); *Craft v. United States,* 210 Ct.Cl. 170, 179, 544 F.2d 468 (1976); *see also Harris v. United States,* 177 Ct.Cl. 538, 541 (1966). Thus, given prior board action, it is not within the province of this court to make factual determinations *ab initio. See Dzialo v. United States, supra,* at 561. The evidence before the court has already been presented to and considered by the ABCMR. *Id.* at 561.

■ After examining the parties' submissions and the administrative record, it is concluded that the decisions of the ABCMR

were not arbitrary or capricious. Plaintiff's claims were considered by the ABCMR on two occasions. Both ABCMR determinations were based on a full review of all existing pertinent documents and on all evidence submitted by the plaintiff. In addition, a full Surgeon General's Opinion was provided for each of the ABCMR's decisions. The record which comprised the basis for the ABCMR's decisions shows that plaintiff was formally evaluated by medical personnel on eight separate occasions from 1968–1973, not including the numerous visits to medical detachments during plaintiff's active tours of duty overseas. On no occasion did any of plaintiff's medical evaluations, as reflected in the medical records, indicate that plaintiff's mental disorders were service connected. It is clear that the ABCMR's decisions on plaintiff's claims were supported by substantial evidence. Thus, as the decisions were neither arbitrary nor capricious, nor contrary to applicable statutes and regulations, they must be afforded finality.

### Subject Matter Jurisdiction

To the extent plaintiff's claims sound in tort, this court lacks subject matter jurisdiction. Plaintiff contends in paragraph one of his complaint that defendant "negligently or recklessly and intentionally or wrongfully * * * deprived" him of "verification of his condition * * *." Plaintiff also alleges fraud on the part of defendant and alleges that the government caused him to suffer "mental anguish, psychological stress and distress," thereby endangering his "health and well being." Pursuant to 28 U.S.C. § 1491 this court lacks subject matter jurisdiction to consider these aspects of plaintiff's allegations sounding in tort. *Lehner v. United States,* 1 Cl.Ct. 408 (1983); *Shanbaum v. United States,* 1 Cl.Ct. 177 (1982), *aff'd mem.,* 723 F.2d 69 (Fed.Cir.1983).[3]

### Conclusion

Based on the foregoing, defendant's motion for summary judgment is granted and final judgment shall be issued dismissing plaintiff's complaint.

---

**3.** Moreover, under the *Feres* doctrine, the "Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or in the course of activity inherent to service." *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).